GUISEPPE PRIOLO, Appellant, *v.* C. H. SOUTHARD WRECKING
AND TRUCKING COMPANY, Respondent.

*Priolo v. Southard W. & T. Co.*, 128 App. Div. 929, reversed.
(Argued February 24, 1910; decided March 15, 1910.)

APPEAL, by permission, from a judgment of the Appellate
Division of the Supreme Court in the first judicial depart-
ment, entered December 10, 1908, affirming a judgment in
favor of defendant entered upon a dismissal of the complaint
by the court at a Trial Term.

*Herbert J. Hindes* for appellant.

*Frank Verner Johnson* for respondent.

*Per Curiam.* This is an action for personal injuries.
The plaintiff was a laborer in the employ of one Mooney, who
had bought the material in an old building, which he was
tearing down. There was employed in the work a device
somewhat similar to an elevator, by which each wheelbarrow
loaded with bricks was run on a platform, which was then
allowed to descend to the ground. Connected with this ele-
vator were runways over which the wheelbarrows were moved.
A runway broke down and the plaintiff was injured. It
appears that the whole device, including the runways, had been
constructed by the defendant. One Southard was the general
manager of the defendant, which, it seems, was entirely under
his control. The record is meagre and unsatisfactory because
of the peculiar course taken at the trial. To establish the
responsibility of the defendant the plaintiff had to rely on the
testimony of Southard. He testified that originally he owned
the material in the old building and intended to take it down
himself; that the defendant constructed the appliance for
lowering the brick, but before the work of demolition was
actually commenced he sold the material to Mooney, giving
him the privilege of using the elevator. The respondent
admitted that it constructed the elevator and appurtenances,
but denied that it furnished the same to Mooney, claiming
this was solely an arrangement or contract made by Southard

individually. For the purpose of a speedy disposition of the trial of the case it was conceded by the defendant that the construction of the runways was defective. The plaintiff was not permitted to enter into the proof of how his injury occurred, the court being of opinion that he had failed to prove any responsibility on the part of the respondent. The case was tried twice. On the last trial, by stipulation of the parties, the plaintiff was permitted to read in evidence the testimony given by Southard on the previous trial. Southard was also examined on the later trial. By reason of the relation of Southard to the respondent it is somewhat difficult to determine from his testimony whether the elevator and runways were furnished to Mooney by himself individually or by the company of which he was the manager. Still, we think there was enough in his testimony on the previous trial to warrant the inference that the appliance was furnished by the defendant. Of course, had it not been for the stipulation the testimony previously given by Southard would not have been competent except to refresh his recollection. But the stipulation of the parties made it original evidence, the effect of which was not destroyed by any contradictions made by the witness on the present trial. Such contradictions merely raised an issue of fact. If the respondent did negligently furnish to Mooney a defective appliance likely to endanger the safety of many persons working thereon, it would be responsible for the injuries occasioned to the plaintiff. (*Coughtry* v. *Globe Woolen Co.*, 56 N. Y. 124; *Devlin* v. *Smith*, 89 N. Y. 470.) The evidence did not proceed far enough to disclose whether the respondent was negligent or not. As the case was disposed of on the ground already mentioned we must assume, for the purposes of this appeal, that had the plaintiff been permitted he would have given evidence tending to establish such negligence.

The judgment must be reversed and new trial granted, costs to abide the event.

Cullen, Ch. J., Gray, Edward T. Bartlett, Haight, Willard Bartlett and Chase, JJ., concur; Vann, J., absent.

Judgment reversed, etc.