## Norman E. New, Defendant in Error, v. The Chicago, Rock Island & Pacific Railway Company, Plaintiff in Error.

### Gen. No. 16,388.

1. MASTER AND SERVANT—*when consignor not bound by bill of lading signed by teamster.* There is no evidence that a teamster was authorized to sign a bill of lading limiting a carrier's liability for loss or damage to goods and to bind the consignor thereby and no presumption to that effect where, though such teamster signed the bill as consignor, the carrier knew that the plaintiff was the consignor.

2. CARRIERS—*when bill of lading limiting liability properly excluded.* On action against a carrier for loss of goods a bill of lading limiting the carrier's liability, signed by a teamster in the consignor's employ, is properly excluded where the teamster had no authority to sign and where no assent by the consignor is shown.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed July 8, 1912.

CHARLES T. SCHWARZ and M. L. BELL, for plaintiff in error.

BAKER & HOLDER, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The defendant in error, hereinafter called plaintiff, delivered to the plaintiff in error, hereinafter called defendant, at Ottawa, Illinois, certain household goods for shipment to Chicago; and claimed that among the same was a box of books of the value of $1,000, which was never delivered by the defendant to the plaintiff at Chicago, and brought suit for said sum in the Municipal Court of Chicago. The jury found for the plaintiff and assessed his damages at the sum of $300.

On the plaintiff remitting $100 the court entered judgment against the defendant for $200.

The defendant claimed that it delivered to the plaintiff at Chicago all goods received from him at Ottawa, and also that the damages are excessive. On the evidence pertaining to these questions, as presented in the record, we are not able to answer the same to our satisfaction. However, they were questions of fact for the jury, and we do not think we should hold that the verdict was clearly and manifestly against the weight of the evidence.

It was claimed by the plaintiff that the said box contained from 400 to 450 books and weighed about 600 pounds. When the teamster employed by the plaintiff to haul the said goods to the defendant's freight house at Ottawa there delivered them, the defendant gave the teamster a bill of lading for said goods, made out in the name of the plaintiff, and thereupon the teamster signed his name as consignor to a contract releasing the said defendant, in consideration of a certain reduced rate on said goods, from all liability from any loss or damage to said goods in excess of $5 per 100 pounds. The defendant offered the said contract in evidence, and the plaintiff objected thereto on the grounds that it had not been shown the teamster had authority to sign the same, and, further, that there was no evidence that the plaintiff had assented thereto. The court sustained the objection and excluded the contract, and this ruling is urged as erroneous.

The evidence pertaining to the employment by the plaintiff of the teamster was that the latter was to "move his" (plaintiff's) "household goods from South Ottawa to the Rock Island depot." It is clear that the defendant knew the plaintiff was the consignor, and under such circumstances we do not think there is any evidence, or any presumption, that the teamster was authorized to sign the said contract as assignor and bind the plaintiff to the terms and con-

490 APPELLATE COURTS OF ILLINOIS.

ditions limiting the defendant's liability, as therein provided. The teamster having no authority to sign said contract, and there being no evidence that the plaintiff assented thereto, the plaintiff was not bound thereby, and in our opinion the court properly excluded same.

The judgment is affirmed.

*Affirmed.*