# WELLS, FARGO & COMPANY *v.* NEIMAN– MARCUS COMPANY.

ERROR TO THE COURT OF CIVIL APPEALS FOR THE FIFTH SUPREME JUDICIAL DISTRICT OF THE STATE OF TEXAS.

No. 29.   Argued November 5, 1912.—Decided February 24, 1913.

Whether void or not under the state statute, a provision in an express receipt limiting recovery in case of loss or negligence, is valid as to interstate shipments under the Carmack Amendment if fairly made for the purpose of applying to the shipment the lower of two rates

based upon valuation. *Adams Express Co.* v. *Croninger*, 226 U. S. 491.

A statement filed in the case that a clause in a contract is void under a statute is a concession for purposes of argument as to a matter of law and cannot conclude anyone, as it does not operate to withdraw the contract from the case nor its validity from the court's consideration.

The reasonable and just consequence of misrepresentation of value to get the lower rate of shipment is not that the shipper recover nothing but that he is estopped to recover more than the value declared to obtain the rate.

A shipper by accepting a receipt reciting that the carrier is not to be held liable beyond a specified amount at which the property is thereby valued unless a different value than that is so stated, and thus obtaining a lower rate than that which he would have been obliged to pay had he declared the full value, declares and represents that the value does not exceed the specified amount.

There is no substantial distinction between a value stated on inquiry and one agreed upon or declared voluntarily.

THE facts, which involve the liability of an express company on goods of undeclared value and also the construction of the Carmack Amendment, are stated in the opinion.

*Mr. Charles W. Pierson*, with whom *Mr. William W Green* was on the brief, for plaintiffs in error:

The case was tried below on the theory of a breach of contract and must therefore be determined in this court on the same theory. Having elected to try the case on one theory, a litigant is restricted to the same theory on appeal. *Tex. & Pac. Ry. Co.* v. *Abilene Oil Co.,* 204 U. S. 426.

The contract upon which plaintiff sued and was permitted to recover involved a violation of the Elkins Act. The contract therefore was invalid and no action can be maintained for a breach thereof.

The shipper, not the carrier, was responsible for this discrimination. The express receipt was filled out and tendered for signature by the shipper, who must be deemed

to have been acting as plaintiff's agent in the matter. *McMillan* v. *Railroad Co.*, 16 Michigan, 79; *Chicago & Alton R. R. Co.* v. *Kirby*, 225 U. S. 155; *Armour Packing Co.* v. *United States*, 209 U. S. 57, 72; *Ellison* v. *Adams Express Co.*, 245 Illinois, 410.

Nothing in the case of *Pennsylvania R. R. Co.* v. *Hughes*, 191 U. S. 477, is inconsistent with this position. In that case no Federal question was presented. The present case, of course, does present a Federal question: the construction and effect of the Elkins Act.

*Mr. Rhodes S. Baker*, for defendant in error, submitted:

It being conceded that the limitation of liability contained in the receipt is void as such, and it appearing that no contract violative of the Interstate Commerce Act was ever made, the shipper's right to compensation for the value of the lost merchandise is unobstructed.

In this case no Federal question is fairly comprehended, either in the cause of action of the defendant in error or the grounds of defense of the plaintiff in error.

The judgment does not require the plaintiff in error to pay a greater amount than the value of the merchandise. The contrary appears from the evidence.

The judgment does not require the plaintiff in error to pay for the merchandise a greater amount than its value as fixed by the rate of transportation assessed against it. No rate of transportation was assessed against this merchandise by the defendant in error. It is true that the rate of transportation is in a sense dependent upon declared valuations, but in this case no valuation was declared nor inquiry even made, and it may be fairly presumed that the carrier would have done its legal and voluntarily assumed duty at destination upon delivery of the merchandise to the consignee. It assessed no rate of transportation and placed no valuation upon the receipt, the package of merchandise, or the way bill.

The proof does not show that the defendant in error was required by the judgment to transport the merchandise in question at an illegal rate of transportation.

The judgment does not require the defendant in error to violate any acts of Congress regulating interstate commerce.

On the contrary, it enforces the statutory duty of the carrier to make settlement with the shipper upon a basis of actual values, without discount or immunity under the void and illegal exemptions in the receipt given to the shipper. See *Pennsylvania Railroad Company* v. *Hughes*, 191 U. S. 477; *Kissenger* v. *Fitzgerald*, 152 Nor. Car. 247.

Under *Tex. & Pac. Ry. Co.* v. *Mugg*, 202 U. S. 242, the lawful rate is read into the contract in question as effectively as if printed therein.

The whole defense in this case depends upon the ability of the carrier to establish fraud on the part of the shipper. If fraud were shown it would be a defense, regardless of the Federal law. Nothing is added to the efficacy of the defense by attributing its value to Federal law. The courts of Texas give full recognition in proper case to the defense of fraud and the consequent estoppel that results therefrom.

The issue of fraud does not present a Federal question, and moreover, as a debatable issue here, has been foreclosed by the decision adverse to it in the state courts empowered to resolve issues of fact. *Southern Pacific Co.* v. *Anderson*, 63 S. W. Rep. 102; *Int. & G. N. R. R. Co.* v. *Van deVenter*, 107 S. W. Rep. 560; *Pacific Exp. Co.* v. *Hertzberg*, 42 S. W. Rep. 795; *Head* v. *Pacific Exp. Co.*, 126 S. W. Rep. 683; *Bynum* v. *Preston*, 69 Texas, 291; *St. L. S. W. Ry. Co.* v. *McIntyre*, 82 S. W. Rep. 346.

Confessedly there has been no false representation—no unlawful concealment. Neither the law nor the rules of the express company imposed on the shipping clerk the duty to volunteer information about the value of the ship-

ment in question when he was making no bargain as to rates and when the contents of the package of merchandise were not concealed from the carrier by some artifice calculated to induce it to make no inquiry.

It does not appear that the express company was misled into believing the property to be of not exceeding the minimum valuation.  Nothing appears in the evidence indicating its purpose not to pursue the inquiry at destination.  It fails to appear that the carrier did, in fact, act upon any such misrepresentation, or that it did, in fact, sustain any injury.

MR. JUSTICE LURTON delivered the opinion of the court.

Action by a shipper against an express company to recover for the loss of a package of furs shipped from New York to Dallas, Texas, and never delivered.

The receipt executed by the express company contained a clause exempting it from loss or damage not due to its fraud or negligence, and providing that it should in no event be held liable "beyond the sum of fifty dollars, at not exceeding which sum said property is hereby valued, unless a different value is hereinabove stated."  No different value was declared.  The package weighed seven pounds.  It contained furs enclosed in a paper box which was securely wrapped and tied with cord.

The defendants in error were permitted to prove that the actual value of the furs was four hundred dollars. That the consignors kept in their shipping office an express book containing blank express receipts.  One of these was filled out in their office by their shipping clerk.  When the wagon of the express company called at the office, the agent signed the receipt, and the package was delivered to him by a boy assistant to the shipping clerk.  No questions were asked as to the value and no value declared other than as shown in the receipt.  It was also shown

that the clerk who wrapped and marked the package did not know the value and had no actual knowledge of the graduated rates of the express company, and that he had had nothing to do with the selling or buying of the furs. One of the consignors, Abraham Jacobson, sold the furs personally and testified as to their value. He testified that he knew that if the value had been declared to be four hundred dollars, the express rate would have been higher, and that if no value was especially declared, they would be carried under the express rate applying to a package valued at not in excess of fifty dollars.

There was put in evidence the table of graduated rate sheets on file with the Interstate Commerce Commission. These showed that the rates were graduated by weight and value. The rate from New York to Dallas upon a package weighing between five and seven pounds and valued at not over fifty dollars was one dollar, which was the rate applicable to and charged upon the package in question. If the value had been declared at four hundred dollars, the rate would have been increased fifteen cents for each additional hundred dollars of value.

One of the provisions of the filed tariff sheets contained this direction, "Always ask shipper to declare the value, and when given insert it in the receipt, mark it on the package and enter amount on way bill. If shipper refuses to state value, write or stamp on the receipt, 'value asked and not given.'"

A jury was waived, and there was a judgment for the plaintiff below for the full value of the package.

The contract of shipment, including the clause for the limitation of any recovery in case of loss or negligence, is substantially like the contract upheld in *Adams Express Company* v. *Croninger*, 226 U. S. 491. To take this case without the controlling influence of that case counsel say that no Federal question based upon the validity of the shipping contract was raised in the state court, and

for this they rely upon a paragraph in the brief of one of the counsel for the express company filed in the court below in which it is said: "For the purpose of this case, we are willing to concede that said provision in so far as it limits the liabilities of the company for $50.00, is void both under a statute of the State of Texas," and under the provisions of the Carmack Amendment of § 20 of the act to regulate commerce of June 29, 1906.

That such a clause may be void under the legislation of Texas may be true. But that it is valid, if fairly made for the purpose of applying to the shipment the lower of the two rates based upon valuation, is not now an open question. *Adams Express Company* v. *Croninger*, cited above.

That case had not been decided when this case was heard in the state court, and there was much diversity of opinion as to the meaning of that section when counsel made the concession. At most it was a concession for purposes of argument as to a matter of law and could not conclude any one, since it did not operate to withdraw the shipping contract from the case, nor its validity from the court's consideration.

It is undoubtedly true that the principal defense upon which the defendants seem to have relied in the state court was, that by intentional misrepresentation the plaintiff had obtained a rate based upon a valuation of fifty dollars, and that they had thereby secured transportation of the property, for which they sue, at a less rate than that named in the tariffs published and filed by the carrier as required by the acts of Congress regulating commerce, and thus obtained an illegal advantage and caused an illegal discrimination forbidden by the acts referred to. But this defense rested upon the misrepresentation as to real value declared only in the carrier's receipt, and, therefore, involved the consequence of the undervaluation by which an unlawful rate had been obtained. The question at last would be shall the shipper or owner recover nothing

because of that misrepresentation, or only the valuation declared to obtain the rate upon which the goods were carried? The latter would seem to be the more reasonable and just consequence of the estoppel. The ground upon which the validity of a limitation upon a recovery for loss or damage due to negligence depends is that of estoppel.

But it is a mistake to assume that the company did not rely upon the stipulation limiting a recovery in case of loss or damage to the value agreed upon or declared. In the twelfth paragraph of its answer it asserted that if liable at all its liability "should be limited to $50.00, as provided in said contract of shipment, which $50.00 has heretofore been tendered to plaintiff." By its eighth and ninth assignments of error in the Court of Civil Appeals error was assigned upon the refusal of the trial court to hold that the defendants in error were estopped, by the valuation declared, to recover any amount in excess of $50.00. The Court of Civil Appeals, while not in express terms denying the validity of such a stipulation limiting recovery, did so in effect, for it seems to have placed its judgment of affirmance upon the rule requiring the company's agents to ask the shipper to declare the value and if no value is stated that the package should be stamped "value asked and not given." This was not done. Therefore, said the court, "the company's agent failed to perform a plain duty . . . and it is in no attitude to complain that the shipper did not state the value."

But the shipper in accepting the receipt reciting that the company "is not to be held liable beyond the sum of fifty dollars, at not exceeding which sum said property is hereby valued, unless a different value is hereinabove stated," did declare and represent that the value did not exceed that sum, and did obtain a rate which he is to be assumed to have known was based upon that as the actual value. There is no substantial distinction between

a value stated upon inquiry, and one agreed upon or declared voluntarily. The rate of freight was based upon the valuation thus fixed, and the liability should not exceed the amount so made the rate basis. *Hart* v. *Pennsylvania Railroad*, 112 U. S. 331, 338.

*Judgment reversed and remanded for further proceedings not inconsistent with this opinion.*