# CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* CRAMER.

## ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

No. 156. Submitted January 16, 1914.—Decided February 24, 1914.

The Hepburn Act of 1906, amending the Interstate Commerce Act, established a uniform rule of liability of carriers for loss on interstate shipments which superseded all state laws upon the subject.

In enforcing liability of the carrier for interstate shipments the provisions in the regularly filed tariff enter into and form part of the contract of shipment, and if that tariff offers two rates based on value and the shipper declares the lower value so as to avail of the lower rate, the carrier may avail of the lower value so declared. *Kansas Southern Ry.* v. *Carl,* 227 U. S. 639.

In this case the liability of the interstate carrier on an interstate ship-
ment from Iowa was limited to the declared value notwithstanding
§ 2074, Iowa Code, prohibited such a defense.
153 Iowa, 103, reversed.


THE facts, which involve the construction of the Car-
mack Amendment to the Hepburn Act and its effect on
state statutes, are stated in the opinion.


*Mr. M. L. Bell* and *Mr. F. C. Dillard* for plaintiff in
error:

The provisions of § 20 of the act of February 4, 1887, as
amended by the act of June 29, 1906, constitute an
exclusive regulation of contracts for interstate shipments
by railroad common carriers, superseding all state regula-
tions upon the same subject. *C., B. & Q. Ry.* v. *Miller,*
226 U. S. 513; *Adams Exp. Co.* v. *Croninger,* 226 U. S.
491; *C., St. P. &c. Ry.* v. *Latta,* 226 U. S. 519.

The liability imposed by said amended § 20, is the
liability imposed by the common law upon a common
carrier, and may be limited or qualified by special contract
with the shipper, provided the limitation or qualification
is reasonable and does not exempt from loss due to negli-
gence.

This is the law with reference to contracts for interstate
shipments. *M., K. & T. Ry.* v. *Harriman,* 227 U. S. 567,
672. A carrier is permitted by fair and reasonable agree-
ment to limit the amount recoverable in case of loss, to an
agreed value made in order to obtain the lower of two
rates. *Adams Exp. Co.* v. *Croninger,* 226 U. S. 491, 509.

In the present case, defendant in error agreed with the
plaintiff in error, in order to get the lower of two rates,
that in case of loss settlement was to be made on the
agreed value of $10.00 per head for each hog. *Kansas City
Southern* v. *Carl,* 227 U. S. 639, 652.

An agreed valuation regulation determining a rate is,

when filed and published according to law, in effect a part of the act of Congress. Its reasonableness is not open to question in this action.

A carrier is required by law to publish its rates and any rules or regulations which in any wise effect or determine said rates. After being so published, the carrier cannot deviate therefrom, even in the slightest particular. They stand as the law, binding as well upon the shipper as the carrier. *L. & N. Ry.* v. *Motley*, 219 U. S. 467; *Tex. & Pac. Ry.* v. *Abilene Co.*, 204 U. S. 426; *Armour* v. *United States*, 209 U. S. 56; *Texas & Pacific Ry.* v. *Mugg*, 202 U. S. 242; *Poor Grain Co.* v. *C., B. & Q. Ry.*, 12 I. C. C. 492, 546; *Blinn* v. *Southern Pacific Ry.*, 18 I. C. C. 430.

There was no appearance or brief filed for defendant in error.

Mr. Justice Lamar delivered the opinion of the court.

The plaintiff Cramer, sued the Railroad Company to recover $992 the amount of damage to a car-load of 60 hogs shipped from Galt, Iowa, to Chicago, Illinois. The Company defended on the ground that the plaintiff overloaded the car and placed therein such an excessive quantity of hay as to overheat the animals, thereby damaging some and causing the death of others. It further contended that no agent of the Company had any knowledge as to the value of the hogs, except what was stated by the shipper, who represented that their value did not exceed $10 per head and thereby secured the benefit of the lower of two rates specified in the tariff on file with the Interstate Commerce Commission and at Galt. One of these rates applied where the value of the hogs did not exceed $10 per head, and the other, a higher rate, applied where the value exceeded $10 per head. The defendant claimed that the tariffs were binding on plain-

tiff and that he could not, in any event, recover beyond the valuation on which the freight was charged. This latter defense was stricken out on demurrer and the trial resulted in a verdict in favor of the plaintiff for more than $600. On writ of error the Supreme Court affirmed the judgment and sustained the order striking out the plea on the ground that such defense was prohibited by § 2074 of the Iowa Code, which provides that:

"No contract, receipt, rule or regulation shall exempt any railway corporation engaged in transporting persons or property from the liability of a common carrier, or carriers of passengers, which would exist had no contract, receipt, rule or regulation been made or entered into."

In *Chicago &c. Ry.* v. *Solan*, 169 U. S. 133, decided in January, 1898, it was held that this statute was valid even as applied to interstate shipments. But on June 29, 1906, Congress passed the Hepburn Act, c. 3591, 34 Stat. 584, which established in interstate commerce a uniform rule of liability. That rule of liability is to be enforced in the light of the fact that the provisions of the tariff enter into and form a part of the contract of shipment, and if a regularly filed tariff offers two rates, based on value, and the goods are forwarded at the low value in order to secure the low rate, then the carrier may avail itself of that valuation when sued for loss or damage to the property. The question has been so fully considered in cases determined since the decision herein of the Supreme Court of Iowa, that it is unnecessary to do more than refer to *Kansas Southern Ry.* v. *Carl*, 227 U. S. 639, 645; *Missouri &c. Ry.* v. *Harriman*, 227 U. S. 657, where the facts were substantially like those here involved and where it was held that a carrier had the right to make a defense like that filed in the court below. As it was error to strike the plea, the judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed.*