SAN ANTONIO & A. P. RY. CO. v. BRACHT.
(No. 5393.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 13, 1915. Rehearing Denied Feb. 10, 1915.)

1. COMMERCE (§ 61*)—INTERSTATE SHIPMENTS —DAMAGES—NOTICE OF CLAIM—PLEADING— VERIFICATION.

Rev. St. 1911, art. 5714, providing that no stipulation in any contract requiring notice of claim for damages as a condition precedent to the right to sue shall be valid unless the stipulation is reasonable and gives a period for notice of at least 90 days, etc., and that it shall be presumed that notice has been given unless want of notice is specially pleaded under oath, has no binding force with reference to contracts for the transportation of interstate commerce.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 81–84, 89; Dec. Dig. § 61.*]

2. COMMERCE (§ 8*)—INTERSTATE SHIPMENTS —TRANSPORTATION—DAMAGES—NOTICE OF CLAIM.

Since contracts for the transportation of interstate commerce are governed by the common law, and not by state statutes, it is permissible for the parties to contract for any reasonable notice of claim for damages as a condition precedent to suit; the Carmack amendment (Act June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 593 [U. S. Comp. St. 1913, § 8592]) having set aside all state laws with reference to interstate shipments and placed them exclusively under the control of federal laws.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 5; Dec. Dig. § 8.*]

3. CARRIERS (§ 63*) — TRANSPORTATION OF FREIGHT—WRITTEN AND ORAL CONTRACT.

Where an interstate shipment was made under an oral contract, and a written contract was not signed until the shipment had gone several miles on its journey, the oral contract would prevail, unless the shipper, with knowledge of its contents, agreed to the written contract, and this though the shipper knew he would be required to sign a bill of lading or contract after the train arrived at a certain place.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 210, 211; Dec. Dig. § 63.*]

4. CARRIERS (§ 49*)—INTERSTATE SHIPMENTS —ORAL CONTRACT—BILL OF LADING—SIGN- ING EN ROUTE.

Where an interstate shipment was started under an oral contract, the shipper's agent, who signed the bill of lading while the shipment was en route, was entitled to presume that there was no change in the verbal contract made by the receipt or bill of lading, and, he

not having read it and having no knowledge of its contents when he signed it, it was unenforceable for want of mutuality and consideration.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 129, 142–147; Dec. Dig. § 49.*]

5. EVIDENCE (§ 533*)—EXPERTS—QUESTION OF FACT.

Where, in an action against a carrier for injury to vegetables, a witness qualified as an expert on the condition of shipments, his statement that the car had been roughly handled, based on the fact that when he opened the car he found most of the crates smashed and lying on the floor, etc., was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2341; Dec. Dig. § 533.*]

6. CARRIERS (§ 133*)—DAMAGE TO FREIGHT— SALE—EVIDENCE.

In an action against a carrier for damages to a shipment, the broker who sold the goods was properly permitted to state the efforts he made to sell them in their damaged state, and that he obtained for them the best price possible.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 583–587, 606; Dec. Dig. § 133.*]

Appeal from Aransas County Court; Roy Jackson, Judge.

Action by A. L. Bracht against the San Antonio & Aransas Pass Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

E. Gordon Gibson, of Rockport, and Kleberg & Stayton, of Corpus Christi, for appellant. E. A. Stevens and W. H. Baldwin, both of Rockport, for appellee.

FLY, C. J. This is a suit instituted by appellee to recover damages to a car of cucumbers shipped from Ingleside, Tex., to Chicago, Ill., which arose from a failure to transport the same with reasonable dispatch and a failure to keep the car properly iced, and also from rough handling of the car. The car of cucumbers, which contained 560 crates, was shipped on a verbal contract from Ingleside, Tex., to Chicago, Ill. The written contract, about which witnesses testified, and which was introduced in evidence by appellee, does not appear in the statement of facts, and, of course, this court has no knowledge of its contents.

[1] The court sustained exceptions to the answer of appellant, which set up the clause in the written contract requiring notice of the damages within four months of accrual of the same as a condition precedent to a recovery, because the same was not verified as required by article 5714, Rev. Stats. That article has no binding force so far as interstate shipments are concerned.

[2] The Supreme Court of the United States has held that the common law, and not state statutes, apply to interstate shipments, and that it is permissible to contract for any reasonable notice as to damages to a shipment as a condition precedent to a suit for damages, and that the Carmack amendment set aside all state laws in re-

gard to interstate shipments and placed them exclusively under the control of federal laws. Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; Railway v. Miller, 226 U. S. 513, 33 Sup. Ct. 155, 57 L. Ed. 323; Wells Fargo & Co. v. Neiman-Marcus Co., 227 U. S. 469, 33 Sup. Ct. 267, 57 L. Ed. 600; Railway v. Carl, 227 U. S. 639, 33 Sup. Ct. 391, 57 L. Ed. 683; Railway v. Harriman, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690; Railway v. Cramer, 232 U. S. 490, 34 Sup. Ct. 383, 58 L. Ed. 697; Railway v. O'Connor, 232 U. S. 508, 34 Sup. Ct. 380, 58 L. Ed. 703; Railway v. Robinson, 233 U. S. 173, 34 Sup. Ct. 556, 58 L. Ed. 901. These cases have been followed in this state. Railway v. Sparks, 162 S. W. 943; Railway v. Vasbinder, 172 S. W. 763, not yet officially published. It follows that article 5714, as to notice, cannot be applied to an interstate shipment, and the verification of the answer would be tested by the general statute as to verification. The answer was under that statute properly verified.

[3] It does not necessarily follow, however, that a reversal should follow, for the facts showed beyond doubt that the shipment was made by virtue of an oral contract, and that the written contract was not signed until the shipment had proceeded several miles on its journey. Under such circumstances the oral contract would prevail unless the shipper with knowledge of its contents agreed to the written contract. Railway v. Meadors, 104 Tex. 469, 140 S. W. 427; Railway v. Sparks, 162 S. W. 943.

It is true that appellee knew that he would be required to sign a bill of lading or contract after the train arrived at a certain place, but that would not, as a matter of law, destroy the oral contract. As said in the case of Easton v. Dudley, 78 Tex. 236, 14 S. W. 583, and quoted and followed in Railway v. Timon, 45 Tex. Civ. App. 47, 99 S. W. 418:

"If the agent can contract to receive freight, he can contract as to the time when he will receive and as to every other undertaking necessary to that end."

It has been held that in such cases the oral contract would not be merged into the written contract which was afterwards signed. Railway v. Sparks, herein cited; Bostwick v. Railroad, 45 N. Y. 712. In the New York case the verbal contract had been acted on, just as it had in this case, and it was held that:

"After the verbal agreement had been consummated and rights had accrued under it, the mere receipt of the bill of lading, inadvertently omitting to examine the printed conditions, was not sufficient to conclude the plaintiff from showing what the actual agreement was under which the goods had been shipped."

That was approved in Guillaume v. Transportation Co., 100 N. Y. 491, 3 N. E. 489, and

Swift v. Pacific Mail Co., 106 N. Y. 219, 12 N. E. 583.

[4] The agent of appellee, who signed the bill of lading while the shipment was en route, had the right to presume that there was no change in the verbal contract made by the receipt or bill of lading. He did not read it, knew nothing of its contents, and it did not form the contract between the parties. The contract lacked mutuality and was without consideration. Railway v. Carter, 9 Tex. Civ. App. 677, 29 S. W. 565.

[5] The witness Cohen qualified as an expert on the condition of shipments of vegetables, and he was fitted to testify that the car had been roughly handled. He stated that he found most of the crates smashed and lying on the floor of the car, and any man of average intelligence would know that nothing but rough handling could have produced such results. There was no question of law in the answer of the witness, and it involved nothing but a question of fact. The fourth and fifth assignments of error are overruled.

[6] There is no merit in the sixth assignment of error. There was no error in permitting Cohen, who handled the cucumbers in Chicago, to swear as to what efforts he made to sell the cucumbers in their damaged state, and that he obtained the best price possible for them. He told how he sold them and was in a position to swear that he got all he could for them. He testified that he knew the market price of cucumbers in Chicago at that time; that the cucumbers were badly damaged; that if in good condition they would have been worth $2 a crate, or, in the aggregate, $1,120; and that the best possible price he could get for them was $393.50. Garlington v. Railway, 34 Tex. Civ. App. 274, 78 S. W. 368.

The judgment is affirmed.