## ADAMS EXPRESS COMPANY ET AL. v. WELBORN.

[No. 8,473.   Filed January 22, 1915.   Costs Ordered Retaxed June
23, 1915.]

1. CARRIERS.—*Carriage of Live Stock.—Action for Injuries.—Complaint.*—A complaint alleging the delivery to defendant express company of a hog, the payment of the charges for transportation to a named destination, the undertaking by defendant to carry the hog safely and deliver the same to plaintiff, the delivery of the hog by defendant to its codefendant, another express company, and negligence in the carriage and treatment of the hog by defendants which caused its death while in their possession, was sufficiently clear and specific and stated a good cause of action upon the theory of the breach of the common-law duty of a carrier.   p. 332.

2. APPEAL.—*Review.—Overruling Motion to Make Specific.*—The overruling of a motion to make a complaint more specific is so far within the discretion of the trial court that a cause will not be reversed on that ground in the absence of a showing that the rights of the complaining party have suffered.   p. 332.

3. CARRIERS.—*Carriage of Live Stock.—Limitation of Liability.*—Where the court found that plaintiff's agent on delivering a hog for transportation from a point in Illinois to a point within this State, entered into a contract of limited liability in which it was stated that defendant's charges are fixed by and based upon the value of the animal as declared by the shipper, etc., and which on its face showed that the shipper was free to place any value that he might choose upon the animal, and there was no finding that any limitation was placed upon the value which he might declare, the court erred in its conclusion that the limitation of the liability was void; hence the plaintiff was not entitled to recover for the loss of the hog a sum greater than the valuation fixed in such contract, notwithstanding the fact that at the time the contract was entered into the defendant's agent demanded that plaintiff's agent ship the hog upon the conditions set out in the contract and neither had authority to give, nor gave, plaintiff's agent an opportunity to ship without a limitation of liability.   pp. 333, 335.

4. CARRIERS.—*Interstate Commerce.—Limitation of Liability.*—The Carmack amendment to the Hepburn Act· (§20 Act of June 29, 1906, 34 Stat. at Large 584, Chap. 3,591; U. S. Comp. Stat. Supp. 1911 p. 1,288), though superseding all state· laws on the subject of the liability of common carriers for loss or damage to interstate shipments, does not specifically refer to agreements limiting the liability of a carrier to an agreed valuation, so that the validity of

such agreements is to be determined by the common law as declared by the Federal courts. p. 334.

5. CARRIERS.— *Interstate Commerce.— Limitation of Liability.— Common-Law Rule.*—Under the common-law rule as declared by the Federal Courts, a carrier may by a fair, open, just and reasonable agreement limit the amount recoverable by a shipper in case of loss or damage to an agreed value made for the purpose of obtaining the lower of two or more rates of charges proportioned to the amount of the risk; and the valuation so declared or agreed upon is conclusive in an action to recover a greater sum for loss or damage to the shipment. p. 334.

6. APPEAL.—*Costs.—Preparation of Record.*—Section 707 Burns 1914, §665 R. S. 1881, authorizes the collection of the fees of the clerk of the trial court for the transcript, and of the stenographer for the transcript of the evidence, as a part of the costs of the court on appeal, recoverable by the successful party. p. 336.

7. APPEAL.—*Costs.—Time and Manner of Taxation.*—There is no statutory provision either as to the time or manner of taxing of the costs of preparing the record, and at all events such costs may be taxed while the cause is still pending and within the time allowed for filing a petition for rehearing. p. 336.

8. APPEAL.—*Disposition of Cause.—Costs.*—Where on appeal the judgment is neither affirmed in whole, nor reversed in whole, the court under §706 Burns 1914, §664 R. S. 1881, may award the costs as it deems right. p. 337.

9. APPEAL.—*Disposition of Cause.—Costs.*—Where the judgment was affirmed on condition that appellee enter a remittitur, and otherwise to stand reversed because of error in the conclusion of law stated on the facts found, the cost of the transcript of the evidence was assessable to appellant, since the evidence was unnecessary to present the error. p. 337.

From Gibson Circuit Court; *Herdis F. Clements,* Judge.

Action by Ernest P. Welborn against the Adams Express Company and another. From a judgment for plaintiff, the defendant appeals. *Affirmed conditionally.*

*Embree & Embree* and *James B. Gamble,* for appellants.
*Veneman & Welborn* and *O. M. Welborn,* for appellee.

IBACH, J.—This was an action by appellee against appellants to recover damages for an alleged breach of their common-law duty to carry and deliver safely a certain hog shipped by appellee. The amended first paragraph and the

second paragraph of complaint are to all intents and purposes the same, and for the purposes of this appeal may be considered together. Each alleged the delivery of the hog by appellee's agent to the Adams Express Company at Trivoli, Illinois, the payment of the charges for transportation from that station to Cynthiana, Indiana, the undertaking of the Adams Express Company to carry the hog safely and deliver the same to the plaintiff, the delivery of the hog by the Adams Express Company to the United States Express Company, and negligence in the carriage and treatment of said hog by defendants which caused its death while in their possession.

Each appellant demurred to each paragraph of complaint, and filed a motion to require appellee to make each paragraph of complaint more specific, and the court ruled against appellants in each of these instances. The issues for trial were made up by answers in general denial and special answers which set up that the hog was carried under a contract of limited liability, and replies to these answers. Trial by the court, a special finding of facts made, and conclusions of law stated thereon in favor of appellee against both defendants. Over their motions for a new trial, judgment for $400 was rendered against them.

The action of the court in overruling the motion of the Adams Express Company to require the complaint to be made more specific is assigned as error. The principal averments of the complaint have previously been set forth. Both paragraphs are sufficiently clear and specific to inform appellants of the charges of negligence which they were required to meet, and stated a good cause of action upon the theory of the breach of the common-law duty of a carrier. Further, the refusal of a motion to make a complaint more specific is so far within the discretion of the trial court, that a cause will not be reversed on that ground unless the rights of the complaining party have suffered, which is not the case here. *Board, etc.*

v. *State ex rel.* (1913), 179 Ind. 644, 647, 102 N. E. 97. There was evidence to show negligence on the part of each defendant contributing to the death of the hog.

The only question of importance in the case arises upon the exceptions of appellants to the court's conclusions of law, and relates to the effect of a contract of limited

3.  liability which is set out in the findings of fact, and which the court found was entered into by Henry White as agent of appellee and F. E. Bird as agent of appellant Adams Express Company, at Trivoli, Illinois. This contract contains an agreement that the charges of the company are fixed by and based upon the value of the animals as declared by the shipper, and that the shipper before delivering the animal to the company, demanded to be advised of the rates charged for the carriage, and was offered alternative rates proportioned to the value to be fixed and declared by the shipper, according to a published schedule. This schedule is such that the shipper may place any value whatever on the shipment. On its face the contract shows that there is no limitation whatever as to the value which the shipper may place upon the animals, and there is no finding of the court that any limitation was placed upon the value which he might declare. The rate between the points mentioned for a hog which was valued at not more than $50 was $13.50. The correct rate between the points for a hog valued at $150 would be $15, but by mistake and inadvertence Bird collected from White $15.54. The contract contains a further stipulation that the shipper, in order to avail himself of the alternative rates proportioned to the value of the animals, declares the values mentioned to be the true values of the animals and expressly agrees that in no event shall the express company be liable in excess of the declared valuation. When this contract was entered into, the said Bird, as agent of appellant Adams Express Company, demanded of said White as agent of Welborn that he execute the instrument in writing, and ship the hog upon the conditions and

agreements set out in said instrument, he did not give said White any opportunity to ship the hog without limitation of liability, and had no authority to change said printed form of contract, or to make any other form of contract for the shipment of said hog, and had no power or authority to accept said hog under a contract other than one of limited liability. The contract under which the hog was shipped contained various other limitations of liability, none of which are brought into question in this action. The court stated a conclusion of law that the contract of limitation of liability was void.

It was decided in the case of *Adams Express Co.* v. *Croninger* (1912), 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257, and this decision has been followed in all the later cases, that by the Carmack amendment to the Hepburn act (§20, Act of June 29, 1906, 34 Stat. at Large 584, Chap. 3591; U. S. Comp. Stat. Supp. 1911 p. 1288), the subject of liability of a common carrier for loss or damage to an interstate shipment becomes entirely a Federal question, since this amendment is intended to and does supersede all state laws on the same subject. As this amendment does not specifically refer to agreements limiting the liability of a carrier to an agreed valuation, but does supersede all state statutes on that subject, the validity of such agreements is to be determined by the common law as declared by the Federal courts. It is said in the opinion in the case of *Adams Express Company* v. *Croninger, supra,* citing among others, the leading case of *Hart* v. *Pennsylvania R. Co.* (1884), 112 U. S. 331, 338, 5 Sup. Ct. 151, 28 L. Ed. 717, 720: "It has therefore become an established rule of the common law as declared by this court in many cases that such a carrier may by a fair, open, just and reasonable agreement limit the amount recoverable by a shipper in case of loss or damage to an agreed value, made for the purpose of obtaining the lower of two or more rates of charges proportioned to the amount of the risk." It was

said in the case of *Kansas City, etc., R. Co.* v. *Carl* (1913), 227 U. S. 639, 33 Sup. Ct. 391, 57 L. Ed. 683, "when a shipper delivers a package for shipment and declares a value, either upon request or voluntarily, and the carrier makes a rate accordingly, the shipper is estopped upon plain principles of justice from recovering, in case of loss or damage, any greater amount. * * * The valuation declared or agreed upon as evidenced by the contract of shipment upon which the published tariff rate is applied, must be conclusive in an action to recover for loss or damage a greater sum."

We conclude, therefore, that the shipper was bound by the stipulation in the contract that the property shipped was of the value of $150. This was a voluntary valuation given upon full and free opportunity offered him to furnish the carrier the true valuation. It was within the shipper's power to place such a valuation on the hog as expressed what he would be willing to accept as full damages, and pay a rate for carriage in proportion to the value declared, though appellant's agent was not empowered to accept property for shipment under an unlimited contract, there was no limitation whatever as to the valuation which appellee's agent could place upon the hog.

Our holding is supported by the following cases, in addition to those cited, and it will be observed from an examination of the Indiana cases cited, that the common law of this State on the subject is in all essentials identical with that declared by the Federal courts: *Atchison, etc., R. Co.* v. *Robinson* (1914), 233 U. S. 173, 34 Sup. Ct. 556, 58 L. Ed. 901; *Wells, Fargo & Co.* v. *Nieman-Marcus Co.* (1913), 227 U. S. 469, 33 Sup. Ct. 267, 57 L. Ed. 600; *Missouri, etc., R. Co.* v. *Harriman* (1913), 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690; *Wabash R. Co.* v. *Priddy* (1913), 179 Ind. 483, 101 N. E. 724; *Evansville, etc., R. Co.* v. *McKinney* (1905), 34 Ind. App. 402, 73 N. E. 148; *Pittsburgh, etc., R. Co.* v. *Mitchell* (1911), 175 Ind. 196, 91 N. E. 275, 93 N. E. 996; *Cleveland, etc., R. Co.* v. *Blind* (1914), 182 Ind. 398, 105 N. E. 483, 491;

*Cleveland, etc., R. Co.* v. *Hayes* (1914), 181 Ind. 87, 102 N. E. 34, 103 N. E. 839; *Adams Express Co.* v. *Byers* (1912), 177 Ind. 33, 95 N. E. 513; *Adams Express Co.* v. *Carnahan* (1902), 29 Ind. App. 606, 63 N. E. 245, 64 N. E. 647, 94 Am. St. 279. The court erred in its conclusion of law that appellee was entitled to recover $400 damages from appellants. The cause seems to have been fairly and correctly tried in all other respects, and the judgment is affirmed as to $150, at appellee's costs, upon condition that appellee within thirty days from this date enters upon the judgment docket of the court below a remittitur of $250, as of the date of the judgment below, and file the certificate of the clerk of such court with the clerk of this court, that such remittitur has been so made; otherwise the cause will be reversed, at costs of appellee and the cause remanded, with directions to the court to restate its conclusions of law in accordance with this opinion, and render judgment thereon.

## On Motion to Retax Costs.

IBACH, P. J.—Motion by appellee to retax costs and strike out certain costs procured by appellants against appellee. The items of cost in controversy amount to $55.50, $20.50 paid by appellant to the clerk of the trial court for the transcript, and $35 paid to the stenographer for a transcript of the evidence, incorporated in the bill of exceptions. It is first contended by appellee that these items of costs should be stricken out for the reason that no claim therefor was made or presented to the court or the clerk of the court until long after the decision of the court was rendered. The decision of this court was made on January 22, 1915, and the claim was first made by appellant that these costs should be taxed on March 8, 1915, at which time appellants procured the said fees to be taxed against appellee for the benefit of appellants, appellee having previously remitted a portion of the judgment. The

statute authorizes the collection of such fees as a part of the costs of this court.    §707 Burns 1914, §665 R. S. 1881.   Such items of cost are to be recovered by the successful party to the appeal.    *Wright* v. *Wilson* (1884), 98 Ind. 112; *Monnett* v. *Hemphill* (1887), 110 Ind. 299, 11 N. E. 230.   There is nothing in the statute which provides either the time or the manner of taxation of such costs, but certainly this may be done while the cause is still pending, and within the time allowed for filing a petition for rehearing.

It is further urged that the transcript of the evidence was unnecessary to the relief which was granted appellants.  The court decided that the evidence as to the liability of

8.   appellants was sufficient, and decided the questions dependent on the evidence in appellee's favor, and therefore appellants should pay the costs of the tran-

9.   script of the evidence.   This case was neither affirmed in whole, nor reversed in whole.  In such a case as this the court may award costs as it deems right.    §706 Burns 1914, §664 R. S. 1881.   The part reversed was for error in the court's conclusions of law on the facts found, and there was no necessity to bring up the evidence to present this error.    Therefore, the costs of the transcript of the evidence amounting to $35 are assessed to appellant, and the other costs of the appeal to appellee.    *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1, 53, 87 N. E. 215, 90 N. E. 65, 90 N. E. 68, 91 N. E. 503, 30 L. R. A. (N. S.) 85.

NOTE.—Reported in 108 N. E. 163; 109 N. E. 420.  As to limitation of liability of carriers by notice on tickets, baggage checks, bills of lading, etc., see 5 Am. St. 719.  On the question of the "Carmack amendment" as affecting state regulations as to stipulations limiting liability of common carriers for the loss or damage to goods, see 44 L. R. A. (N. S.) 257; 50 L. R. A. (N. S.) 819.  On the effect of limitation of liability in receipt prepared by shipper, see 28 L. R: A. (N. S.) 645.  Limitation of carrier's liability for injury to or loss of goods or baggage as affected by interstate commerce act, see Ann. Cas. 1912 B 672.  See, also, under (1) 6 Cyc. 515; (2) 31 Cyc. 644; (3, 5) 6 Cyc. 400; (4) 6 Cyc. 1915 Anno. 412–new; (6) 11 Cyc. 224, 235; (8) 11 Cyc. 212; (9) 11 Cyc. 225.