## Southern Railway Co. *v*. Bynum.

*Injury to Live Stock.*

(Decided October 14, 1915.  69 South. 820.)

1. *Carriers; Live Stock; Interstate Shipment.*—Under section 3591, 34 U. S. Statutes 584, where a carrier receives live stock from a shipper at a low value in order to secure the low rate, the carrier may avail himself of that valuation in a suit for loss or damage to interstate shippers, the recovery being limited to the value of the animals specified in the tariff rate which was reduced on account of the reduction in value.

2. *Same; Limiting Liability.*—The act of March 4, 1915, section 176, 38 Statutes U. S. 1196, does not affect rights of action accruing under the former statutes which it amends.

3. *Same; Action; Defenses.*—Although the interstate tariff rate limited recovery in case of injury or destruction of cattle to $30.00 per head, the railroad cannot defeat an action for injuries to such cattle on the ground that the injured animals were sold for more than $30.00 per head.

4. *Charge of Court; Applicability to Pleading.*—Where the pleas in bar were eliminated on demurrer, and the matter therein set up was not available under the general issue, special charges applicable to such pleas were properly refused.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by H. O. Bynum against the Southern Railway Company for injury to animals while in transit. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals under section 6, Acts of 1911, p. 449.

The action was for damages for the death of one mule and injuries to another, and for injuries to certain cattle. The bill of lading contained the statement that the shipper has made application for a special low rate, lower than the regular tariff rate, and in consideration thereof has offered to indemnify the railway against liability, and himself to assume certain duties in respect to such live stock, and the damages are limited as follows: Horses and mules each, $100, grown cattle, $30, and other enumerations not necessary to be here set out.

The following charges were refused to defendant: "(3) If the jury find from the evidence that some of the cattle were either killed or injured in a manner that made defendant liable for damages, then defendant would not be liable for exceeding $30 damages for each head of cattle killed, and as damages for injuries to each head which may have been injured an amount which would permit him to receive not exceeding $30 for each head injured."

"(11) The stipulation of $30 as a maximum of value of each cow shipped as contained in the contract of shipment is a valid stipulation, and such stipulation of value should control the jury in determining what, if any, amount plaintiff was entitled to recover for injury to any of said cattle."

The oral charge of the court was in substance that, notwithstanding the lower rate granted because of limitation of liability, yet if under the evidence the limitation was grossly inadequate to the market value of the stuff injured, then the jury might grant the shipper a larger remuneration than that fixed by the contract of shipment.

LAWRENCE E. BROWN, for appellant.

BOULDIN & WIMBERLY, for appellee.

SOMERVILLE, J.—This action is for injuries to live stock while in the custody of defendant as a common carrier—the shipment being an interstate shipment over defendant's line between Scottsboro, Ala., and Chattanooga, Tenn.

(1) The Hepburn Act of 1906, amending the Interstate Commerce Act, established a uniform rule of liability of carriers for loss on interstate shipments, which superseded and are exclusive of all state laws and judicial decisions on that subject, said: "That rule of liability is to be enforced in the light of the fact that the provisions of the tariff (promulgated by the Interstate Commerce Commission) enter into and form a part of the contract of shipment, and if a regularly filed tariff offers two rates, based on value, and the goods are forwarded at the low value in order to secure the low rate, then the carrier may avail itself of that valuation

when sued for loss or damage to the property."—*Chi., R. I. & Pac. Ry. Co. v. Cramer,* 232 U. S. 490, 34 Sup. Ct. 383, 58 L. Ed. 697, citing *Kans. So. Ry. v. Carl,* 227 U. S. 639, 33 Sup. Ct. 391, 57 L. Ed. 683, and *Mo., etc., Ry. v. Harriman,* 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690.

The bills of lading under which the present shipments were made, and the extracts from the tariff and regulations shown to have then been in force, very clearly, under the federal decisions cited, limit this plaintiff's right of recovery for injuries to his cattle to $30 a head, regardless of their actual value; and it results that the trial judge erred to the prejudice of defendant in his oral instructions to the jury as to the effect of this limitation on value, and in his refusal to give charges 3 and 11, as requested by defendant in writing.

(2) It must be noted that the act of Congress of March 4, 1915, (38 St. 1196), amending the Hepburn Act so as to abrogate the rule of limited liability above declared, does not affect the present case, which arose several years before its enactment.

(3) The fact that plaintiff sold the injured cattle, or any of them, for more than $30 a head, is no concern of defendant's and cannot relieve it of liability for the full amount of culpable injuries suffered, within the stated limit. Several charges affirming the contrary were properly refused to defendant.

(4) Several special pleas in bar were filed by defendant, based on alleged breaches by plaintiff of special stipulations in the contract of carriage. These pleas were eliminated on demurrer, but those rulings of the trial court are not assigned as error. The defenses in question were not available under the general issue, and the several charges requested as to the effect of such

breaches were, as the pleadings stood, properly refused. The question of defendant's liability, and the amount of damages to be awarded for injuries, if any, were matters for the jury to determine.

For the error noted, the judgment must be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.