Bland B. Button, Appellee, v. Chicago, Indianapolis &
Louisville Railroad Company, Appellant.

Gen. No. 23,406.

CARRIERS, § 172*—*when owner estopped to dispute authority of
expressman employed by agent to obtain contract limiting liability
of carrier.* Where the owner of goods authorizes a person in
another State to ship the property to him, and the agent employs
an expressman to go to his residence and "get these trunks and
boxes, take them to the station and ship them," which the express-
man does and obtains a bill of lading, in which the value, for the
purpose of obtaining a lower rate, is limited to $10 per 100 pounds,
and pays the freight with money furnished by the agent, the owner
is estopped to dispute the lack of authority of the expressman to
obtain a contract limiting the liability of the carrier.

Appeal from the Municipal Court of Chicago; the Hon. FRANK
H. GRAHAM, Judge, presiding. Heard in the Branch Appellate
Court at the October term, 1917. Reversed and judgment here.
Opinion filed April 3, 1918.

WINSTON, PAYNE, STRAWN & SHAW, for appellant;
FRANK H. TOWNER, of counsel.

W. W. HOOVER and JOHN MILMINE, for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion
of the court.

Appellee brought suit to recover $155, as damages
arising out of a shipment of two trunks, two boxes
of household goods and one rocker from Louisville,
Kentucky, on September 8, 1916, via the line of ap-
pellant, to the appellee at Chicago. The cause was
tried without a jury and judgment in the sum of $140
and costs was entered in favor of the appellee.

In the view we take of this cause the question
whether the declaration of value as set forth in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

bill of lading was binding upon the shipper (the appellee) is decisive. The shipment being from Louisville, Kentucky, to Chicago, Illinois, was an interstate shipment. On June 29, 1906, the Carmack Amendment to the Interstate Commerce Act of February 4, 1887, became effective. On June 2, 1915, the Cummins Amendment thereto became effective and on August 9, 1916, the Carmack Amendment as amended by the Cummins Amendment was amended and—in so far as limitations of value were concerned—provided "that the provisions hereof respecting liability for full actual loss, damage or injury, notwithstanding any limitation of liability * * * or release as to value, and declaring any such limitation to be unlawful and void, shall not apply * * * to property * * * received for transportation, concerning which the carrier * * * shall hereafter be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent upon the value declared in writing by the shipper, or agreed upon in writing, as the released value of the property, in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released," etc.

The appellee went to Chicago from Louisville, Kentucky, July 15, 1916. Subsequently he authorized one Holmes, who lived in Louisville, to ship the property in question, the two trunks, two boxes of household goods and one rocker, which he, appellee, had left there already packed, to him at Chicago. Holmes employed an expressman, Whitney, to go to his residence, "get these trunks and boxes, take them to the station and ship them." He gave Whitney the money to prepay the charges of shipment. The evidence of Whitney, the expressman, is to the effect that on September 8, 1916, Holmes told him he had some stuff that he wanted crated up and shipped; that he told him to

deliver it to the depot, pay the freight and send it to Chicago to the address that he gave him; that Holmes gave him a $5 bill and he, Whitney, took the property to the freight house, paid the freight, signed up, got a bill of lading, and then went back and gave the bill of lading and the change to Holmes. Holmes sent the bill of lading to appellee at Chicago and the latter then subsequently received the property, although, as claimed by him, it was in a damaged condition.

The bill of lading covering the shipment shows John T. Holmes as shipper, Bland B. Button as consignee, and is signed by H. L. Whitney. On its face is stamped, "The value of this shipment does not exceed $10 per 100 pounds and is stated for the purpose of enabling the carrier to apply the proper published rate." That statement was signed by Whitney. According to the official classification, if the shipment had been valued at more than $10 per 100 pounds, the rate would have been very much higher than was actually charged.

It is claimed by appellee that the limitation in the bill of lading to $10 per 100 pounds was not binding upon him, because the bill of lading was executed by Whitney and not pursuant to any authority given by appellee. The latter cites the case of *New v. Chicago, R. I. & P. Ry. Co.*, 171 Ill. App. 488. In that case, however, the teamster who signed the bill of lading was only employed to "move the household goods from South Ottawa to the Rock Island depot"; and the court said that it was clear the railroad knew that the plaintiff (the owner) was the consignor. In the instant case, Holmes, who employed Whitney to take the property to the railroad company and ship it to Chicago, and who gave him the money to pay the freight, was acting as an agent for appellee. It cannot be said, reasonably, that there was any obligation on the appellant to make an investigation and undertake to discover whether Whitney or Holmes were authorized to

ship goods. Whitney simply carried out the instructions of Holmes and Holmes undertook to do what appellee had requested, and it would seem that the latter is now estopped from disputing that part of the contract which provided for a reduced rate of transportation and the limitation of liability on the part of the carrier. *Kansas City Southern R. Co. v. Carl*, 227 U. S. 639; *Adams Exp. Co. v. Croninger*, 226 U. S. 491; *Wells, Fargo & Co. v. Neiman-Marcus Co.*, 227 U. S. 469; *Boston & M. R. R. v. Hooker*, 233 U. S. 97; *Western Transit Co. v. A. C. Leslie & Co.*, 242 U. S. 448.

Inasmuch, therefore, as the weight of the property was 500 pounds, and the maximum liability of appellant $10 per hundred, the judgment must be reversed and a judgment in the sum of $40 instead of $140 will be entered here against the appellant.

*Reversed and judgment here.*