Argued September 20, reversed and remanded October 16, rehearing denied November 13, 1928.

## HARRY F. GOLDSTEIN v. THE ROBERT DOLLAR CO.

(270 Pac. 903.)

For appellant there was a brief and oral argument by *Mr. S. J. Bischoff*.

For respondent there was a brief over the name of *Messrs. Wood, Montague & Matthiessen,* with an oral argument by *Mr. Gunther F. Krause.*

BELT, J.—Plaintiff alleges that he entered into a contract with The Robert Dollar Company, a corporation engaged in interstate commerce, to transport an automobile by steamship from Boston, Massachusetts, to Portland, Oregon, and that while en route the automobile was damaged in the sum of $1,250. Defendant answered denying that it had any contract with plaintiff to ship his automobile and alleging as an affirmative defense that the Dollar Steamship Line received the automobile for transportation under the terms and conditions of a bill of lading issued by it, which was received by defendant without objection. Defendant further pleads the "Uniform Bills of Lading Act" of Massachusetts, which in substance provides that a consignor who receives a bill of lading and makes no objection to its terms and conditions at the time of its receipt is bound, if such conditions are not contrary to law or public policy.

The case was submitted to a jury. A verdict was returned in favor of plaintiff for $900 and judgment entered accordingly. On motion of defendant this

judgment was set aside and a new trial granted for the reason, as recited by the court in its order, that error was committed in refusing to instruct the jury that the bill of lading was the contract for the shipment of the automobile and by reason thereof the defendant was entitled to a directed verdict. Plaintiff appeals.

The question in the case is: With whom did the plaintiff contract? Was it with The Robert Dollar Company or the Dollar Steamship Line? If the contract for transportation was not made by plaintiff with the defendant, plaintiff cannot prevail in this action. Whether the court was right in granting a new trial depends upon whether there is any evidence tending to show the contract of shipment as alleged by plaintiff. If such evidence exists the judgment must be reinstated.

We turn to the record. Plaintiff testified that while in Boston he telephoned to The Robert Dollar Company to arrange for shipment of his automobile. He says that he went to the office of the defendant steamship company and was advised by a Mr. Duffy that the car could be shipped on the steamship "President Adams"—which sailed on the following day—and for him "to take it down to the wharf where The Robert Dollar Company was, give it to the wharf man, and he would give me a receipt." Plaintiff, after delivery of the car, was given a cargo receipt. He took the receipt to Mr. Duffy and asked for another receipt showing shipment of car. Plaintiff testified that Duffy informed him he would mail it later to him at his Portland address. Nothing was said about a bill of lading. After shipment was made bill of lading was issued and was received by plain-

tiff about ten days later at Portland. According to his testimony the car was delivered to him without surrender of the bill of lading. It was never signed by plaintiff. "Dollar Steamship Line" appears on the heading of the bill of lading in bold type and immediately beneath are the words "The Robert Dollar Company, Managing Directors, Robert Dollar Building, San Francisco." Plaintiff also testified that, when he went to the office of the steamship company, he saw on the office window "Robert Dollar Company" and that Mr. Duffy, with whom he made arrangements for the shipment of the car, led him to believe he was dealing with such company. Counsel for defendant asserts that the above evidence is inadmissible for the reason that any oral contract was merged in the written contract as evidenced by the bill of lading. It is the contention of defendant that, when plaintiff received the bill of lading without objection, it became the contract of shipment. Plaintiff's case is based on the common law of liability of carriers, while defendant relies upon the bill of lading. If the issuance of the bill of lading had been contemporaneous with the delivery of the automobile, defendant's position would be far more tenable. However, the evidence, without contradiction, establishes that the bill of lading was issued after the shipment was made. The shipper had made his oral contract with the carrier. He had no control over the shipment of the car while en route.

■ ■ We inquire: Can the carrier make a new contract without the consent of the shipper? The mere issuance of the bill of lading and its receipt by the plaintiff without objection will not, of itself, establish a contract. There must be a meeting of the

minds of the contracting parties. As was said in *Revilla Fish Products Co.* v. *American Hawaiian S. S. Co.*, 77 Wash. 49 (137 Pac. 337):

"We think something more than the sending of the bill of lading or its receipt was necessary to subject appellant to its terms, and that it must be found that there was an actual assent to the conditions in the bill of lading, and that, in addition to its receipt, the bill of lading was received and accepted by the appellant as a contract under which the oil was to be shipped."

In support of this conclusion also see *John Vitucci Co.* v. *Canadian Pacific Ry. Co.*, 102 Wash. 686 (174 Pac. 981); *San Antonio & A. P. Ry. Co.* v. *Bracht* (Tex. Civ. App.), 172 S. W. 1116; *Galveston, H. & S. A. Ry. Co.* v. *Sparks* (Tex. Civ. App.), 162 S. W. 943; *Bostwick* v. *Baltimore & Ohio R. R. Co.*, 45 N. Y. 712; 4 R. C. L. 779; 10 C. J. 177. Cases cited by respondent to the contrary are not in point, for the reason that in those cases the bill of lading was issued at time of shipment. The statute of Massachusetts has no application in case of interstate shipments.

██ Whether plaintiff did, in fact, assent to the terms and conditions of the bill of lading was a question of fact for the jury. We cannot say, as a matter of law, that he did assent. The bill of lading, therefore, is not conclusive proof of the contract. The plaintiff was entitled to submit to the jury his theory of the case, namely, that he had an oral contract with the defendant company to ship his automobile. If it were held that the bill of lading expressed the contract of shipment that would preclude a recovery for such was issued by the Dollar Steamship Line. Having reached the conclusion that it is a question of fact

34

as to whether plaintiff assented to its terms, it follows that evidence of the oral contract of shipment with the defendant is admissible. There is evidence, therefore, tending to show that the contract was made with the Robert Dollar Company and the finding of the jury on that issue is conclusive.

The judgment of the lower court setting aside the verdict and granting a new trial is reversed and the cause is remanded, with directions to enter judgment in favor of the plaintiff.

REVERSED AND REMANDED. REHEARING DENIED.

BEAN and ROSSMAN, JJ., not sitting.