Filed Oct. 30, 1884.

---

No. 10,109.

## WRIGHT ET AL. *v.* WILSON.

COSTS.—*Short-Hand Reporter.*—Where the evidence in a case has been taken by a short-hand reporter, and the original long-hand manuscript of the same has been filed in the clerk's office, and upon appeal incorporated in a bill of exceptions and certified to the Supreme Court, the appellant, upon reversal of the cause, is entitled to recover from his adversary as fees the cost of such manuscript.

From the Cass Circuit Court.

*D. D. Dykeman, M. Winfield* and *Q. A. Myers,* for appellants.
*R. Magee* and *D. B. McConnell,* for appellee.

BEST, C.—Motion to tax costs.

The testimony in this case (*Wright* v. *Wilson,* 95 Ind. 408) was taken by a short-hand reporter, and the appellee moves the court to tax the appellant with the cost of the same.

The statute authorizes such reporter to collect fees for making transcripts of his short-hand notes of the testimony, to be paid by the party requiring the transcript. Section 1409, R. S. 1881.

The statute also provides that whenever testimony is taken by such reporter, the original long-hand manuscript of the same may be filed with the clerk by the party entitled to its use, and on an appeal to this court, it shall be the duty of the clerk, if required, to certify the original manuscript of such evidence, when incorporated in a bill of exceptions, instead of a transcript thereof to this court, and in such case the clerk shall not be entitled to any fees for such portion of the transcript.

These sections of the statute authorize the use of a transcript made by the reporter instead of a transcript of such portion of the record by the clerk, and as the party who procures the transcript is required to pay the fees, no reason occurs to us why the appellant, when the judgment is reversed, shall not recover from his adversary these fees in the same manner he is entitled to recover from him other fees in the cause. These fees are necessarily expended when such transcript is procured, and as they are a mere substitute for such fees as the clerk would otherwise charge, we think they should be taxed as though they were made by him. The motion should be overruled.

PER CURIAM.—Motion overruled.

Filed Oct. 18, 1884.