## TODD v. HOWELL ET AL.

[No. 6,985.  Filed December 7, 1911.]

1. APPEAL.—*Costs.*—*Superfluous Matters in Transcript.*—Where the appellant includes superfluous matter in his transcript on appeal, the cost thereof, on reversal, should not be charged to the appellees.  p. 60.
2. NEW TRIAL.—*Special Findings.*—*Evidence.*—If the court fails to find all the facts proved, or the facts found are contrary to, or unsupported by the evidence, the remedy is by a motion for a new trial.  p. 60.
3. APPEAL.—*Transcript.*—*Costs.*—Where appellant excepted to the conclusions of law and also moved for a new trial on the ground that the decision was not supported by the evidence, the bill of exceptions containing the evidence was a proper part of the transcript on appeal for presenting the ruling on the motion for a new trial, and the cost thereof was properly taxed to appellees on reversal.  p. 61.
4. APPEAL.—*Mandate.*—*Costs.*—*Taxing.*—Where a judgment of reversal was ordered and the appellees desired a retaxing of costs, their motion therefor should be filed within sixty days—the period allowed for a petition for a rehearing.  p. 61.
5. APPEAL.—*Costs.*—*Taxing.*—It is the clerk's duty to tax the costs on a reversal according to law; and if he fails so to do his action can be upheld only so far as it is legal.  p. 61.

From Tipton Circuit Court; *Jesse R. Coleman,* Special Judge.

Suit by John W. Howell and another against Ezra N. Todd.  From a decree for plaintiffs, defendant appeals.  On motion to retax costs.  (See 47 Ind. App. 665.)  *Motion overruled.*

*Gifford & Gifford,* for appellant.
*Every A. Mock,* for appellees.

FELT, C. J.—Appellees have filed a motion to retax the costs of this appeal, and to have charged against appellant the reporter's fee for the transcript of the evidence.

It is asserted in support of the motion that the special finding of facts and conclusions of law present the question relating to the mechanic's lien on which the judgment was reversed; that appellees have entered a remittitur of $50, as required by the mandate of this court, thereby making the conditional affirmance of the personal judgment against appellant final and conclusive.

The question presented is whether the transcript of the evidence was a necessary or proper part of the record on behalf of appellant, or whether it must be regarded as superfluous matter. If superfluous, or irrelevant to the questions presented by the appeal, and on which appellant prevailed in this court, then the costs of the transcript of the evidence should be taxed to the appellant. 5 Ency. Pl. and Pr. 213, 214.

The overruling of the motion for a new trial was assigned as error, and an examination of it shows that the new trial was asked because of the alleged insufficiency of the evidence to support the several findings of the court, and for alleged error in admitting evidence relating to the mechanic's lien and to the attorneys' fees.

These propositions questioned the right to, and the amount of, the attorneys' fees, and the right to a mechanic's lien, on the ground that the notice was not filed within the time required by law.

If the court fails to find all the facts proved, or finds facts contrary to or unsupported by the evidence, the remedy of the aggrieved party is by motion for a new trial. *Sharp* v. *Malia* (1890), 124 Ind. 407, 409; *Tewksbury* v. *Howard* (1894), 138 Ind. 103, 112; *Chicago, etc., R. Co.* v. *State, ex rel.* (1902)), 159 Ind. 237.

While it is true that from the special finding of facts and conclusions of law thereon, appellant could assail appellees'

right to a lien, he could not in that way present questions relating thereto that involved the correctness of the court's finding of the facts from the evidence. An aggrieved party has the right to present the error complained of in the different ways recognized by law, and especially so to present it as to make available every phase of the question upon which he relies. So long as he does not burden the record with superfluous matter and occasion unnecessary costs, he is within the rights of a litigant. *Monroe* v. *City of Fort Howard* (1880), 50 Wis. 228, 6 N. W. 803; *Line* v. *State, ex rel.* (1892), 131 Ind. 468; 5 Ency. Pl. and Pr. 202, 203.

By the mandate in the original opinion in this case the judgment was reversed and a new trial granted, unless within sixty days the appellees elected to remit $50, in which event the personal judgment would be affirmed.

In such situation this court could not anticipate that appellees would avail themselves of the option to remit, and thereby affirm the judgment. No question of the apportionment of costs was then before the court, nor could it know that such question would ever arise.

If appellees desired any modification of the mandate they should have taken the necessary steps to procure it within sixty days from the date of the decision of the case.

In any event, it is the duty of the clerk to tax the costs according to the law applicable under the judgment rendered, and his action in so doing can only be upheld so far as it is sustained by the law. *Price* v. *Barnes* (1893), 7 Ind. App. 1, 11.

The only question raised by the motion before us is the right of the appellees to have the reporter's fee taxed to the appellant, on the ground stated in the motion. Said motion was not filed until ninety days after the rendition of the original judgment, which is too late for any relief requiring a modification of the mandate

or the original judgment, but in time to make available the question of retaxing the costs under the judgment as rendered. *Conaway* v. *Conaway* (1894), 10 Ind. App. 229; *Price* v. *Barnes, supra.*

The question of the right to an apportionment of the costs generally under the judgment rendered, when duly presented, is not before us for decision.

The motion to retax the cost of the reporter's fee is overruled.