## JOSE ET AL. *v.* HUNTER ET AL.

[No. 7,881. Motion to retax costs overruled December 15, 1916.]

1. STATUTES.—*Repeal by Implication.*—*Recovery of Costs.*—*Premiums on Bonds Executed by Corporate Sureties.*—The repeal of a statute by implication is not favored, and, in the absence of a repealing clause, the act of 1901, Acts 1901 p. 63, §5737 *et seq.* Burns 1914, concerning the incorporation and regulation of bonding and surety companies, did not repeal the act of 1897, Acts 1897 p. 192, §5728 *et seq.* Burns 1914, relating in part to the charging by litigants, as costs, the expense of procuring sureties on bonds or undertakings required in any action; and, although §7 of the latter act, concerning the recovery, as costs, of money paid as premiums on bonds executed by surety companies, was

declared invalid, when embodied in the act of 1901, as not being embraced within the scope of the title of such act, it is still in full force and effect as part of the act of 1897. (*Indianapolis, etc., Traction Co.* v. *Brennan* [1909], 174 Ind. 1, distinguished.) pp. 300, 302.

2. STATUTES.—*Validity.*—*Title.*—The title of the act of 1897 (§5728 *et seq.* Burns 1914, Acts 1897 p. 192, 196), is sufficiently comprehensive to embrace the subject-matter of §7 thereof, which relates to the taxing, as costs of premiums paid by litigants to corporate surety companies for the execution of bonds or other undertakings. p. 302.

3. COSTS. — *Bonds.* — *Premiums.*— *Taxation as Costs.*—*Statutes.*— Section 7 of the act of 1897 (§5728 *et seq.* Burns 1914, Acts 1897 p. 192, 196), which, after authorizing a receiver, etc., to include as part of the expense of executing his trust, money paid to a corporate surety company for becoming surety on his bond, provides that in all actions or proceedings the party entitled to recover costs may include such reasonable sum as may have been paid a surety company by such party for executing any bond therein, allows all litigants who are entitled to recover costs to have taxed as a part thereof premiums paid to surety companies for the execution of bonds or undertakings required in the action. p. 303.

From Marion Superior Court (79,933); *Pliny W. Bartholomew,* Judge.

Action by Erskine E. Hunter and another against Oscar A. Jose and another. From an adverse judgment defendants appealed, and there was a reversal, with costs ordered taxed against appellees. The latter move that the costs as taxed be retaxed. *Motion to retax costs overruled.*

*Charles A. Dryer,* for appellants.

*Williams & Schlosser,* for appellees.

HOTTEL, J.—The appellees recovered a judgment against appellants in the court below, which judgment was reversed by this court on November 26, 1913, and costs in the trial court and this court were taxed to appellees, under §706 Burns 1914, §664 R. S. 1881. A petition for rehearing was denied by this court January 16, 1914, and a petition to transfer to the Supreme Court was by such court denied January 27, 1916. Appellees now move to retax certain

costs taxed against them by the clerk of this court. As shown by this motion, the total costs taxed against appellees by such clerk aggregates $221.60, two items of which represent premiums paid by appellants for the appeal bond filed by them, viz., $20 for the original premium, and $40 for the accumulated premiums. Appellees, by their motion, seek to be relieved from the items of cost represented by such premiums. In support of their motion, appellees insist that no authority can be found in this State which authorizes the taxing of such items as costs against them, and also cite authority in other jurisdictions holding that such items are improper, in the absence of statutory provisions authorizing them to be taxed. *Bick* v. *Reese* (1889), 5 N. Y. Supp. 121; *Somerville* v. *Wabash R. Co.* (1896), 111 Mich. 51, 69 N. W. 90; *Lee Injector, etc., Co.* v. *Pemberthy, etc., Co.* (1901), 109 Fed. 964; *Osborn* v. *Newberg, etc., Assn.* (1900), 36 Ore. 444, 59 Pac. 711, 60 Pac. 994.

Appellants insist that appellees' motion is not sufficient and that they have been guilty of such negligence and laches in its presentation that they should not now be permitted to obtain any benefit from it, and that, in any event, the taxing of said items as part of the costs of this ligitation is authorized by §5734 Burns 1914, Acts 1897 p. 192, 196.

As affecting the first question, we think the motion is sufficient to indicate to the court the particular items of costs which appellees seek to challenge. The case was not finally disposed of by the Supreme Court until January 26, 1916, and the delay since such final disposition does not show such laches as would warrant the court in refusing to relieve appellees from the payment of said items of costs if there is, in fact, no authority for taxing them therewith. As affecting this question the legislature, by

1. §7 of an act approved March 6, 1897, *supra*, provided as follows: ''Any receiver, assignee, guardian, committee, trustee, executor, administrator, or other fidu-

ciary, required by law or the order of any court or judge to give a bond or obligation as such, may include, as a part of the lawful expense of executing his trust, such reasonable sum paid a company authorized under this act so to do, for becoming his surety on such bond or obligation, as may be allowed by the court in which he is required to account, or a judge thereof, not exceeding, however, one per centum per annum on the amount of such bond or obligation; *and in all actions or proceedings the party entitled to recover costs may include therein and recover such reasonable sum as may have been paid such company by such party for executing or guaranteeing any bond, undertaking or obligation therein.*" The act, of which this section is a part, is entitled as follows: "An act relative to bonds and other obligations, with surety or sureties, and the acceptance as sureties thereon of companies qualified to act as such, and the release of such surety, and the safe depositing of assets for which such surety may be liable, and to the *charging by* fiduciaries and *litigants of the expense of procuring sureties,* and repealing all laws in conflict therewith, and declaring an emergency."

In 1901, the legislature, by an act approved March 2, 1901, and entitled: "An act for the incorporation of bonding and surety companies, defining their powers, prescribing the duties of certain officers in connection therewith, authorizing the acceptance of bonds made by an incorporated company, providing penalties for the violation of this act, and declaring an emergency," incorporated, as §25 thereof, §7, above quoted, of the act of 1897, changing the wording thereof so as to make it apply to corporations organized under the latter act, but in other respects, adopting substantially if not the same language of §7 of the former act. Acts 1901 p. 63, §5761 Burns 1914.

In the case of *Indianapolis, etc., Traction Co.* v. *Brennan,* (1909), 174 Ind. 1, 87 N. E. 215, 90 N. E. 65; Id. 68, 91 N. E. 503, the Supreme Court had before it the question

now under consideration, and there held that the premium
for the appeal bond, taxed in that case, was improperly
taxed. In that case, however, it is stated that the appellant
based its right to recover of the appellees such costs, upon
the act of 1901, *supra,* and the court based its conclusions
on the fact that the portion of §7 italicized, *supra,* as incor-
porated in §25 of the act of 1901 was not within the scope of
the title of such later act, and for this reason was invalid
and void as violating Art. 4, §19, of the Constitution of the
State. No reference was made in the opinion to §7 of the
previous act of 1897, and we have examined the briefs on file
in that case, and find that the court's attention was in no
way called or directed to such previous act, until after the
filing of a petition for a rehearing on the motion to retax
costs, when the appellant, in briefs then filed, called the
attention of the court to the fact that the former act had
escaped the attention of the appellant and the court, and
asked the court to reconsider said motion. We must there-
fore conclude that said act of 1897 was not considered by
the court in that case, and hence that said decision does not
control the question as now presented, though the items of
cost be of the same character. The title of the act of 1897
is more comprehensive than that of the later act, and
seems to be sufficiently comprehensive to embrace
the subject-matter of said section. In fact, the title
of the former act seems to include the very matter (viz.,
litigants) which the opinion, *supra,* held to be essential to
and omitted from the title of the act of 1901, and on account
of which omission the court held said part of the section
of the latter act invalid and void.

There is no repealing clause in the act of 1901, and
hence the former act could not be repealed by the latter
except by implication. Repeals by implication are
not favored *(Baltimore, etc., R. Co.* v. *Hagan*
[1915], 183 Ind. 522, 109 N. E. 194, 196; *Mor-*

*rison* v. *State, ex rel.* [1913], 181 Ind. 544, 552, 105 N.
E. 113; *Blain v. Bailey* [1865], 25 Ind. 165, 166) and, in
any event, there is nothing in the later act that indicates
any intention to repeal the former. On the contrary, §7 of
the former act seems to have been incorporated in the latter
as §25 thereof to make sure that corporations organized
under the latter act should have the benefits extended by
§7 of the former act to the companies mentioned in that act.
Said sections of the two acts are in perfect harmony and,
if both were valid, could be and should be construed to-
gether. *Cahill* v. *State* (1905), 36 Ind. App. 507, 512, 76
N. E. 182; *State, ex rel.* v. *Graham* (1914), 183 Ind. 53,
108 N. E. 111; *Quality Clothes Shop* v. *Keeney* (1914), 57
Ind. App. 500, 503, 106 N. E. 541; *Ensley* v. *State, ex rel.*
(1909), 172 Ind. 198, 203, 88 N. E. 62.

The rules governing the construction of statutes as
announced in these cases compel the conclusion that §7 of
the act of 1897 (Acts 1897 pp. 192, 196, §5734 Burns 1914)
is in full force and effect.

It is, however, insisted by appellees that even though
such section be in force, the last provision thereof has appli-
cation to only such litigants as fall within the class
3. before enumerated, viz., receivers, assignees, guard-
ians, etc. It seems to us that no such intention on
the part of the legislature is indicated, either by the language
of the enacting clause, or the language of the act. The lan-
gauge of each indicates that all litigants required to give
bond were intended to be included within the provisions in
question.

The reasonableness of the amount taxed for said pre-
miums is not questioned and, for the reasons indicated,
we are of the opinion that such premiums were properly
taxed as a part of the costs incurred by appellants in their
appeal. The motion to retax costs is therefore overruled.

NOTE.—For opinion on merits, see 60 Ind. App. 569.