### FREDERICK E. SIMMONS *vs.* COUNTY OF SUFFOLK.

Suffolk.    February 4, 1918. — May 24, 1918.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Clerk of Courts.    Police, District and Municipal Courts.    Statute.*

By the increase, effected by St. 1917, c. 340, § 1, upon its acceptance by the mayor and city council of Boston, in the salaries of the clerks of police. district and municipal courts, with certain exceptions, to three fourths of the salaries received by the justices of their respective courts from three fifths thereof, as previously provided by St. 1904, c. 453, § 1, the salaries of the assistant clerks, which by the same section of St. 1904, c. 453, had been made two thirds of the salaries of the clerks, were increased to two thirds of the increased salaries of the respective clerks.

CONTRACT for a balance alleged to be due to the plaintiff by reason of an increase of his salary as assistant clerk of the Municipal Court of the Dorchester District caused by the acceptance of the provisions of St. 1917, c. 340, by the mayor and city council of Boston. Writ dated September 12, 1917.

The action was heard by *Aiken*, C. J., upon an agreed statement of facts. The Chief Justice found for the plaintiff in the sum of $75.84 and reported the case for determination by this court.

The case was submitted on briefs at the sitting of the court in February, 1918, and afterwards was submitted on briefs to all the justices.

*J. P. Lyons*, for the defendant.

*F. Juggins & C. A. De Courcey*, for the plaintiff.

PIERCE, J. The plaintiff is now, and has been from a time before June 12, 1917, a duly appointed assistant clerk of the Municipal Court of the Dorchester District, and as such clerk has held the office and performed the duties of an assistant clerk of that court. Clerks and assistant clerks of police, district and municipal courts, other than the Municipal Court of the City of Boston, since St. 1904, c. 453, as amended by St. 1910, c. 501, have received salaries which under the statute of 1904 were determined by a percentage of the salary of the justice of their several courts, "the salaries of the clerks being in amount three fifths of the salaries of the justices, and the salaries of the assistant clerks two thirds of the salaries of the clerks." By the acceptance of St. 1917, c. 340, by the city council and the mayor of the city of Boston, on June 12, 1917, the salary of the clerk of the court of which the plaintiff is the assistant clerk was increased from three fifths to three fourths of the salary received by the justice of that court. It is the contention of the plaintiff that the salary of the assistant clerk was by the acceptance of the act automatically increased from two thirds of three fifths to two thirds of three fourths of the salary received by the justice of that court. On the other hand, the defendant argues that the salaries of the assistant clerks are not affected by the acceptance of St. 1917, c. 340, because "No mention is made, in the act just quoted, of assistant clerks," and because the salaries of the clerks were fixed and defined in numerical terms under the class to which the respective courts were assigned.

We are of opinion the contention of the plaintiff is correct. The maxim of statutory construction that the expression of one thing is the exclusion of another, invoked by the defendant, is not conclusive of legislative intent, but is to be considered with regard to the object sought to be obtained by the entire legislation of which the subject matter to which it relates is but a part. The obvious

intention of the Legislature in dividing the judicial districts into classes according to the population in the several districts, was to attain a fair and just standard of comparison of the services required to be rendered in the several districts, and therefrom to enable it to grant to the several justices and clerks with reasonable approximation like compensation for like services. Under the plan the salary of any justice or clerk or assistant clerk is determined by the class to which the particular judicial district was assigned, and continues until readjusted by a change in the classification of the district after the taking of a national or State census. St. 1910, c. 501. A change in the classification to a higher grade results automatically in the increase of salary of any official, and by the express provision of the statute does not reduce the salary theretofore received by any official while such official continues to hold office.

We are of opinion the dominant purpose of the Legislature was to find a fair ratio or relation which the services of the several officials should bear to the work of the judicial district and to each other. It follows that an increase in the salary of any official, however obtained, results in a change in the salary of every official whose salary is determined by its relation to the salary changed.

In the opinion of a majority of the court the ruling of the justice of the Superior Court was right. In accordance with the terms of the report judgment is to be entered for the plaintiff in the sum of $75.84.

*So ordered.*