PITTMAN-RICE COAL COMPANY, INC., ET AL. *v.* HANSEN.

[No. 18,126. Filed December 14, 1951. Rehearing denied January 18, 1952. Transfer overruled February 21, 1952. Motion to retax costs overruled March 31, 1952.]

*Frank A. Symmes, Charles W. Symmes, Owen S. Boling, Symmes, Flemming & Symmes,* all of Indianapolis; and *Arthur C. Van Duyn,* of Greenfield, for appellants.

*Alvah J. Rucker,* of Indianapolis, and *Jonas P. Walker,* of Greenfield, for appellee.

MARTIN, J.—This is an appeal from a judgment in the sum of $10,000 in favor of appellee, plaintiff below, against both appellants in an action for damages as a result of personal injuries.

The errors assigned and relied upon for reversal are: "(1) that the court erred in sustaining the demurrer of the plaintiff-appellee filed to additional paragraph of answer of appellant-defendant, George Norfleet; (2) that the court erred in sustaining the demurrer of the appellee to amended supplemental answer No. 1 of the defendant-appellant Pittman-Rice Coal Company, Inc.; (3) that the court erred in overruling the motion for a new trial filed by Pittman-Rice Coal Company, Inc., and George Norfleet jointly, separately and severally; (4) the court erred in overruling appellants' joint and several motion to require plaintiff-appellee to pay costs of first appeal before proceeding upon second trial; (5) that the trial court had no power *of* authority to order a new trial as to either of the appellants herein; (6) that the trial court erred in ordering a new trial of this cause de novo, as to each and all parties and issues therein and thereof."

This appeal is from a second trial of this cause. This action was brought by appellee against the Pittman-Rice Coal Company, Inc., a corporation, and its servant, George Norfleet, the appellants, to recover for personal injuries alleged to have been caused as the result of a collision between a Plymouth automobile operated by the appellee and a coal truck owned by the appellant company and operated by and under the physical control of its said servant, Norfleet. This collision occurred at the intersection of Kessler Boulevard (59th Street) and Guilford Avenue (Forest Lane) in the City of Indianapolis, Indiana, on the 3rd day of March, 1944.

In the first trial the jury returned a verdict of $3,000 in favor of the appellee and against the appellant company and was silent as to Norfleet. Upon Norfleet's motion a separate judgment on said verdict was entered in his favor and against the appellee for costs. Appellant company's motion for a judgment notwithstanding the verdict and a motion for a new trial was overruled and a separate judgment was rendered on the verdict against appellant company for $3,000 and costs. Appellant company appealed from the first judgment rendered against it and this court, in the case of *Pittman-Rice Coal Company, Inc.* v. *Hansen* (1947), 117 Ind. App. 508, 72 N. E. 2d 364, reversed the judgment and sustained appellant company's motion for a new trial. The decision in this case established the law of this case on the questions therein determined. *Daugherty* v. *Daugherty* (1949), 119 Ind. App. 180, 83 N. E. 2d 485; *Doyle* v. *Paul* (1949), 119 Ind. App. 632, 86 N. E. 2d 98, 87 N. E. 2d 885. After reversal appellant Norfleet filed a special answer of res adjudicata and appellant company likewise filed a special answer of estoppel by verdict and res adjudicata. The appellee filed demurrers to each of these special answers which were sustained by the lower court. The first two assignments of error raise the question of the court erring in sustaining the demurrers to each of these special answers.

The judgment was rendered in the original cause in Norfleet's favor upon the same issues upon which the second trial was had. The first trial was a trial upon the merits. No appeal was taken from such judgment and it has not been set aside or annulled and was in full force and effect at the time of the second trial and such has been pleaded by the special answer filed. The judgment in favor of Norfleet entered

after the first trial upon the merits by a court of competent jurisdiction is therefore res adjudicata. *Town of Flora* v. *Indiana Service Corp.* (1944), 222 Ind. 253, 256, 53 N. E. 2d 161.

The appellee contends that the decision of this court upon the first appeal directed the trial court to grant a new trial as to all parties and all the issues below. We cannot agree with this as there was no appeal from the judgment in favor of Norfleet. The only motion for a new trial was filed by the company. Upon the first appeal the company assigned two errors on the record. First, the trial court's overruling of its motion for a judgment notwithstanding the verdict; and, secondly, the overruling of its motion for a new trial. This court held that the first assigned error presented no question under our practice. The cause was reversed under the second assignment of error as being contrary to law upon the ground that the case was pleaded and tried upon the doctrine of respondeat superior and that the verdict being in favor of the employee-Norfleet was a finding that he was not responsible for the accident and that since the company's liability was predicated solely upon Norfleet's negligence, the verdict against the company could not be sustained. The record shows that the judgment was reversed with instruction "to sustain appellant's motion for a new trial." This is not equivalent to ordering a new trial as to all parties and all the issues below. Any further proceedings in this case before the court below could only be had consistent with the decision of this court. It may have been well, in addition to the mandate to grant a new trial, for the court in its decision to have added "and for further proceedings not inconsistent with this opinion."

In the case of *Stickler* v. *Live Stock Ins. Assn.* (1920), 73 Ind. App. 508, 509, 127 N. E. 831, this court said:

"The law is well settled that, on a second appeal of a cause, any decision made on the first appeal will constitute the law of the case throughout all subsequent stages, whether such decision was right or wrong. *Lillie* v. *Trentman* (1891), 130 Ind. 16, 29 N. E. 405; *Board, etc.* v. *Bonebrake* (1896), 146 Ind. 311, 45 N. E. 470. And this is true, no matter what form the question assumes, so long as it is in fact the same question. *Forgerson* v. *Smith, Admr.* (1885), 104 Ind. 246, 3 N. E. 866; *Brunson* v. *Henry* (1898), 152 Ind. 310, 52 N. E. 407; *Board, etc.* v. *Bonebrake, supra.*"

In applying this principle to the record it is obvious that the former decision on appeal could not be held as declaring the law that a judgment which had become final in favor of Norfleet could be disturbed or set aside.

In *Pittman-Rice Coal Company, Inc.* v. *Hansen, supra,* this court said:

"The appellee further contends that the evidence disclosed the appellant was guilty of negligence independently of any act or omission on the part of Norfleet, in that the truck was both overloaded and equipped with insufficient brakes. A sufficient answer is the fact that negligence in neither particular was pleaded nor proven. Moreover, the jury was not instructed on such issues, nor could it be, even if there had been evidence thereof."

The appellee makes no such contention in this case and whether or not she could so amend her complaint we do not decide.

In our opinion, as heretofore stated, all that the mandate of this court did was to reverse the judgment against the company, with instructions to sustain its

motion for a new trial, thus giving the appellee an opportunity to amend her complaint, if permissible and she so desired, and proceed against the company for its negligence independently of any act or omission on the part of Norfleet.

The court erred in sustaining the demurrer of the plaintiff-appellee filed to additional paragraph ■ of answer of appellant-defendant, George Norfleet.

The court erred in sustaining the demurrer of the appellee to amended supplemental answer number 1 of the defendant-appellant, Pittman-Rice Coal Company, Inc.

Other reasons advanced by the appellee for sustaining the judgment have been considered and rejected. They are not, in our opinion, sufficiently important to justify extended discussion.

The judgment is reversed with instructions to overrule the demurrer of plaintiff-appellee filed to additional paragraph of answer of appellant-defendant, George Norfleet, and to overrule the demurrer of plaintiff-appellee to amended supplemental answer number 1 of the defendant-appellant, Pittman-Rice Coal Company, Inc., and for further proceedings not inconsistent with this opinion.

Royse, J., not participating.

NOTE.—Reported in 102 N. E. 2d 387.

## ON MOTION TO RETAX COSTS

WILTROUT, P. J.—Appellee has filed a motion to retax the costs of this appeal so as to have taxed against appellants the reporter's fee for the transcript of the evidence and the money paid a bonding company by appellants for executing the appeal bond.

The reasonable sum paid a duly authorized bonding company for executing an appeal bond is a proper item to be taxed as costs. Burns' 1948 Replacement, §25-1407; *Jose* v. *Hunter* (1916), 63 Ind. App. 298, 124 N. E. 65. We do not conceive the law to be, as urged by appellee, that an appellant must wait until an execution is issued before filing a bond in order to make the cost of an appeal or supersedeas bond taxable to appellee when the judgment is reversed. Such a requirement would be unreasonable.

The fees paid for procuring the transcript of the evidence are a part of the costs. Burns' 1946 Replacement, §2-3238; *Wright et al.* v. *Wilson* (1884), 98 Ind. 112; *Green* v. *Felton* (1909), 44 Ind. App. 321, 89 N. E. 320. Appellee insists that such cost should not be taxed to her as the transcript was unnecessary and useless and the court had no occasion to use it in arriving at its decision. If matters not material to the determination of the appeal are certified to this court, the court may direct the person blamable therefor to pay the costs thereof. Burns' 1946 Replacement, §2-3223.

Appellants assigned as error not only the rulings upon the demurrers, for which the judgment was reversed, but also the overruling of their motion for a new trial. This motion relied upon the grounds that the verdict of the jury was contrary to law, that the damages assessed were excessive, that the court erred in admitting certain evidence, and alleged error in the giving and refusing of instructions. Some of these grounds of the motion presented a different phase of the question raised by the demurrers. Other grounds relied upon other matters. It was necessary, in order to properly present these questions, to bring the evidence before us. The evidence was not

superfluous or irrelevant. It was material to the determination of the questions presented by the motion for new trial, if it should become necessary to determine them. "An aggrieved party has the right to present the error complained of in the different ways recognized by law, and especially so to present it as to make available every phase of the question upon which he relies." *Todd* v. *Howell* (1911), 49 Ind. App. 59, 96 N. E. 618.

Motion to retax costs overruled.

Royse, P. J., not participating.

NOTE.—Reported in 104 N. E. 2d 758.