HOWARD ET AL. *v.* ROBINETTE ET AL.

[No. 18,104. Motion to retax costs granted in opinion December 18, 1952.]

*Gates & Gates* and *Benton E. Gates,* of Columbia City, and *Dan C. Flanagan,* of Fort Wayne, for appellant.

*Bloom & Bloom,* of Columbia City, for appellee.

PER CURIAM—This court decided this appeal favorably to appellants on June 8, 1951. Appellees' petition for rehearing was denied on September 27, 1951, and their petition to transfer was denied on January 4, 1952.

A statement of costs was sent to appellees by the Clerk of the Supreme Court, who is also clerk of this court, in the sum of $36.45, which sum was paid by appellees on January 22, 1952.

On June 6, 1952, appellants filed proof of payment of $25.00 to the clerk of the trial court for the transcript, and the sum of $311.25 to the court reporter for a transcript of the evidence. These amounts were then taxed as costs by the clerk of this court. Appellees challenge the taxing of these items on the ground that such claim and proof of payment were not timely filed.

That such fees may be properly taxed as a part of the costs of this court is unquestioned. Burns' Stat.,

§2-3238; *Adams Express Co.* v. *Welborn* (1915), 59 Ind. App. 330, 108 N. E. 163, 109 N. E. 420; *Pittman-Rice Coal Co., Inc.* v. *Hansen* (1951), 122 Ind. App. 334, 102 N. E. 2d 387, 104 N. E. 2d 758.

In many states the time for the taxation of such items of costs is fixed by statute or court rule. 20 C. J. S., *Costs,* §349b, p. 595. There is no statute in this state which provides either the time or the manner of taxation of such items. *Adams Express Co.* v. *Welborn, supra.* The subject is not covered by any Rule of the Supreme Court. Neither the court reporter nor the clerk of the trial court are required to notify the Clerk of the Supreme and Appellate Courts of the amounts paid to them. The appellant who pays such costs must assume the burden of claiming them. Where appellant does not do this, the Clerk is unable to tax them.

Appellant may file his claim and proof of payment at any time after the transcript is filed and within the time allowed for filing a petition for rehearing. *Adams Express Co.* v. *Welborn, supra.* That case does not decide, however, that this may not be done after such time. Because there is no statute or rule limiting the time when such claim and proof shall be made, it might be argued that an appellant could make his claim for costs and file his proof years after the termination of the appeal. We believe, however, that a better rule, in the absence of needed clarification by statute or court rule, would require that a winning party claim his costs within a reasonable time, so that the party against whom costs are awarded can pay them and know there is no contingent liability hanging over his head. It appears to the court that the appellants in this case did not file their claim for additional costs within a reasonable time.

Appellees' motion to retax costs is granted. It is, therefore, ordered that the Clerk of this court retax the costs herein so as to eliminate the items in question.

For opinion in this case see 122 App. 66, 99 N. E. 2d 110.

NOTE.—Reported in 109 N. E. 2d 432.