GENERAL GRAIN, INC. *v.* GOODRICH ET AL.

[No. 19,933. Filed January 24, 1968.]

*William H. Krieg, John S. Grimes, Donald A. Schabel, Arch N. Bobbitt, McHale, Cook & Welch,* all of Indianapolis, *Russel I. Richardson,* of Lebanon, for appellant.

*Ross, McCord, Ice & Miller,* of Indianapolis, *Scifres & Hollingsworth,* of Lebanon, for appellees.

PER CURIAM.—On December 7, 1966, this court reversed certain judgments of the Boone Circuit Court rendered against the appellant on July 18, 1962. See *General Grain* v. *Goodrich, et al.* (1966), 140 Ind. App. 100, 9 Ind. Dec. 505, 221 N. E. 2d 696. A petition for rehearing was denied by this court on January 7, 1967.

On June 6, 1967, the Supreme Court denied transfer. A petition for rehearing on the question of transfer was filed on June 26, 1967, and denied on September 12, 1967. On September 22, 1967, the Supreme Court denied a request for oral argument on the petition for a rehearing.

On September 15, 1967, three days after the Supreme Court's order denying rehearing, the appellant filed with this court its statement of costs and motion to tax such costs against appellees.

In pertinent part, appellant's statement of costs reads as follows:

| | | |
|---|---|---|
| 1. | For Bill of Exceptions to Mary E. Edwards, Reporter of the Boone Circuit Court, paid by Appellant | $ 1,095.00 |
| 2. | For Transcript of record to the Clerk of the Boone Circuit Court, paid by Appellant | 152.40 |
| 3. | For premium for appeal bond fixed by the Trial Court in the amount of $665,000, paid by Appellant to Foster and Messick | 16,190.80 |
| 4. | For cost of letter of credit paid by Appellant issued by the American Fletcher National Bank & Trust Company, Indianapolis, Indiana, to United States Fidelity & Guaranty Company | 3,500.00 |
| 5. | Invoice received by Appellant from Foster & Messick for premium of appeal bond described in (3) above, which invoice Appellant has not yet paid | 14,580.00 |
| | Total | $35,518.20 |

There is no dispute as to items numbered 1 and 2. These items, totaling $1,247.40, it is agreed, should be taxed to and paid by the appellees.

Appellees contend that item number 3, the appeal bond premium should be paid by appellant. We cannot agree.

Burns' Ind. Stat. Anno. § 25-1407, reads as follows:

"25-1407 (5708). Payment for surety out of trust funds. —Any receiver, assignee, guardian, committee, trustee, executor, administrator, or other fiduciary, required by law or the order of any court or judge to give a bond or obligation as such, may include, as part of the lawful expense of executing his trust, such reasonable sum paid a company authorized under this act so to do, for becoming his surety on such bond or obligation, as may be allowed by the court in which he is required to account, or a judge thereof, not exceeding, however, one per cent (1%) per annum on the amount of such bond or obligation; *and in all actions or proceedings, the party entitled to recover costs may include therein and recover such reasonable sum as may have been paid such company by such party for executing or guaranteeing any bond, undertaking or obligation therein.*" (Emphasis added.)

Appellees contend that the emphasized portion of the above statute relates only to fiduciaries, and that appellees are not liable for these appeal bond premiums paid by appellant.

In *Jose* v. *Hunter* (1916), 63 Ind. App. 298, 303, 124 N. E. 65, this contention was refuted, when this court said:

"It is, however, insisted by appellees that even though such section be in force, the last provision thereof has application to only such litigants as fall within the class before enumerated, viz., receivers, assignees, guardians, etc. It seems to us that no such intention on the part of the legislature is indicated, either by the language of the enacting clause, or the language of the act. The language of each indicates that all litigants required to give bond were intended to be included within the provisions in question."

This rule was reaffirmed in *Pittman-Rice Coal Co., Inc.* v. *Hansen* (1952), 122 Ind. App. 334, 342, 104 N. E. 2d 758.

Therefore, item number 3, amounting to $16,190.80, should be taxed to and paid by the appellees.

Item number 4 involves the cost of a letter of credit purchased by appellant and issued by the American Fletcher National Bank and Trust Company, to appellant's surety company.

There is no authority permitting the taxing of this expenditure against appellees.

Burns' Ind. Stat. Anno. § 25-1407, *supra,* the only authority relied on by appellant in support of its position, is not applicable. This section applies only to premiums paid to *duly authorized bonding companies.* As the cost of the letter of credit was not paid to such a surety company this expense must be borne by the appellant.

Burns' Ind. Stat. Anno. § 25-1407, *supra,* also provides that the party is entitled to recover "such reasonable sum as may have been *paid.* . . ." As the expenses in item number 5 are *unpaid,* we cannot enlarge the coverage of the statute, and these costs cannot be taxed against appellees.

Appellees also contend that appellant's motion and statement of costs were not timely filed. In *Howard* v. *Robinette* (1952), 123 Ind. App. 206, 109 N. E. 2d 432, this court held that the statement of costs must be filed within a "reasonable time". There is no decision in this state defining what is a "reasonable time" in the premises. Each case must stand on its own facts and circumstances. We believe that the filing of a motion to tax costs, three days after the petition for rehearing was denied by the Supreme Court was within a reasonable time.

The total of $17,439.20 in costs in this appeal should be taxed against appellees. However, this appeal involves 104 separate actions, consolidated for purposes of trial and appeal. Because of this factor, appellant is ordered to allocate such costs among the appellees according to their interests and certify a restatement of costs to the Clerk of this court with proof of service, as required by Supreme Court Rules.

NOTE.—Reported in 233 N. E. 2d 187.