HOUSTON ET AL. *v.* FIRST FEDERAL SAVINGS & LOAN
ASSOCIATION

[No. 368A53. Filed June 3, 1969. No petition for rehearing filed.]

*Owen W. Crumpacker, Harold Abrahamson* and *Crumpacker & Abrahamson,* of Hammond, for appellants.

*Andrew J. Kopko, Thomas E. Kotoske* and *Call, Call, Borns & Theodoros,* of Gary, for appellee.

PER CURIAM—On April 3, 1969, the First Division of this court reversed, with opinion, the judgment of the trial court in the above-entitled cause of action, and said cause of action was remanded for proceedings consistent with the opinion; and, pursuant to Burns' Indiana Statutes Annotated, § 2-3237, said opinion ordered the costs to be assessed against the appellee.

On April 29, 1969, six days after the expiration of the time allowed for the filing of a petition for rehearing, the appellants filed a Petition for Taxation of Costs, wherein the appellants petitioned this court to tax the costs of this appeal as follows:

1. For the preparation of the transcript
   of record to be used on appeal ............:.....$ 40.75
2. For the payment of docket fees taxed
   by the clerk of this court ..:.............. 25.00
3. For the payment of the premium on the
   appeal bond furnished by the appel-
   lants, the amount of said bond being
   fixed by the trial court ................. 600.00

It is the opinion of this court that there is no question as to Items 1 and 2. It is well settled by statutory enactment that these items, totaling $65.75, should be taxed to and paid by the appellee.

Appellants, in their petition to tax costs, contend that Item 3, the appeal bond premium, should be taxed against the appellees and paid by the appellees.

Burns' Indiana Statutes Anno., § 25-1407, reads as follows:

"Payment for surety out of trust funds.—Any receiver, assignee, guardian, committee, trustee, executor, administrator, or other fiduciary, required by law or the order of any court or judge to give a bond or obligation as such, may include, as part of the lawful expense of executing his trust, such reasonable sum paid a company authorized under this act so to do, for becoming his surety on such bond or obligation, as may be allowed by the court in which he is required to account, or a judge thereof, not exceeding, however, one per cent (1%) per annum on the amount of such bond or obligation; *and in all actions or proceedings, the party entitled to recover costs may include therein and recover such reasonable sum as may have been paid such company by such party for executing or guaranteeing any bond, undertaking or obligation therein.*" (Emphasis supplied).

This court made the following interpretation of this statute in the case of *Jose v. Hunter* (1916), 63 Ind. App. 298, 124 N. E. 65, 66, and spoke as follows:

"It is, however, insisted by appellees that, even though such section be in force, the last provision thereof has ap-

plication to only such litigants as fall within the class before enumerated, viz., receivers, assignees, guardians, etc. It seems to us that no such intention on the part of the Legislature is indicated, either by the language of the enacting clause, or the language of the act. The language of each indicates that all litigants required to give bond were intended to be included within the provisions in question."

This interpretation was reaffirmed by this court in the case of *Pittman-Rice Coal Co., Inc. v. Hansen* (1952), 122 Ind. App. 334, 342, 102 N. E. 2d 387, 104 N. E. 2d 758; and in the case of *General Grain, Inc., Appellant, v. Pierre F. Goodrich, Appellee* (1968), 142 Ind. App. 142, 233 N. E. 2d 187.

It is our opinion that Item 3, amounting to $600.00 should be taxed by the clerk of this court against the appellee and paid by the appellee.

NOTE.—Reported in 248 N. E. 2d 167.