DAVID P. CREED & others[1] *vs.* KRIST E. APOG & others[2]

Middlesex. January 4, 1979. — March 14, 1979.

Present: QUIRICO, BRAUCHER, KAPLAN, WILKINS, & LIACOS, JJ.

*Practice, Civil*, Costs.

The provisions of G. L. c. 223, § 122, with respect to recovery of the cost of the premiums paid for a bond dissolving an attachment did not preclude an additional award for the cost expended in obtaining a letter of credit required as collateral by the surety company. [524-526]

CONTRACT. Writ in the Superior Court dated August 6, 1970.

A motion for costs was heard by *Fine*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

[1] Robert H. Egan, Edward L. Diehl and Edward Diehl Associates, Inc.

[2] Krist E. Apog and Barbara B. Talkowski as trustees of Imperial Gardens Realty Trust.

*Douglas P. Woodlock* for the defendants.

*Virginia A. Bonesteele* for the plaintiffs.

QUIRICO, J. The defendants in this case provided a surety company bond to dissolve an attachment which the plaintiffs had placed on their property. The defendants prevailed on the merits and sought to recover as part of their costs the sum of $19,500 which they had expended, in addition to the surety company premiums, in procuring a letter of credit which the company required as collateral before issuing the bond. A judge of the Superior Court ruled that as matter of law that sum was not recoverable as part of costs. That ruling was affirmed by the Appeals Court and we granted further appellate review thereon. *Creed* v. *Apog,* 6 Mass. App. Ct. 365, 377 (1978). We hold that the ruling was error. G. L. c. 223, § 122, and Mass. R. Civ. P. 54(d), 365 Mass. 820 (1974).

The plaintiffs brought this action in Superior Court to recover a sum allegedly due them under a real estate brokerage contract. The exact details of this action are unimportant for the issue at hand; in any event, after a trial by jury, the defendants prevailed on every count. On appeal this judgment was upheld on the merits, *Creed* v. *Apog,* 6 Mass. App. Ct. 365 (1978), and is no longer in question here.

At the commencement of this contract action, the plaintiffs caused an attachment in the sum of $300,000 to be made by trustee writ on the goods, effects or credits of the defendants in the hands or possession of named trustees. G. L. c. 246, §§ 1, 20. On motion of the defendants the judge ordered the attachment reduced to $200,000, after which the defendants caused the attachment to be dissolved by filing a surety company bond therefor as provided in G. L. c. 223, § 120. In order to obtain this bond, the defendants were required by the surety company to present a bank letter of credit as collateral; this letter of credit cost the defendants $19,500 to obtain. The defendants also paid $5,850 in premiums on the bond.

After judgment, the defendants moved to be awarded both these sums as costs (as well as other amounts for subpoena and deposition costs not here in dispute). The judge read the controlling statute, G. L. c. 223, § 122,[3] as limiting what might be recovered as costs in such a situation to premiums paid, and therefore awarded the defendants only the $5,850 of premium costs. The defendants contend, and we agree, that the judge had the power to award as part of the costs the additional sum of $19,500 expended for the letter of credit.

The judge's reading of G. L. c. 223, § 122, essentially rested on the maxim of "expressio unius est exclusio alterius"—the expression of one thing is the exclusion of another. The limitations of this principle as a guide to statutory construction have been pointed out before. *Harborview Residents' Comm., Inc.* v. *Quincy Hous. Auth.*, 368 Mass. 425, 432 (1975). *Simmons* v. *County of Suffolk*, 230 Mass. 236, 237 (1918). *National Petroleum Refiners Ass'n* v. *FTC*, 482 F.2d 672, 676 (D.C. Cir. 1973), cert. denied, 415 U.S. 951 (1974). Our reading of G. L. c. 223, § 122, is that it mandates a minimum amount of costs which must be awarded in connection with surety bonds, and remains silent about the rest.

Given this silence, Mass. R. Civ. P. 54(d) controls.[4] This rule is consistent with G. L. c. 261, § 1, which provides that "[i]n civil actions the prevailing party shall recover his costs, except as otherwise provided." It must also be read in harmony with G. L. c. 261, § 13, as appearing in St. 1973, c. 1114, § 345, which provides that "[i]n civil actions or other proceedings in which no provision is ex-

---

[3] General Laws c. 223, § 122, reads: "If the attachment is dissolved and the defendant prevails, his costs shall include the fees of the magistrate and the premium or premiums paid for the bond dissolving such attachment, if it be a surety company bond."

[4] (d) *Costs.* "Except when express provision therefor is made either in a statute of the Commonwealth or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."

pressly made by law, the costs shall be wholly in the discretion of the court . . . ." Together, these provisions reflect a policy favoring awards of actual costs to prevailing parties, but leaving considerable discretion to the judge.

We recognize that the broad generality that "in Massachusetts, a litigant must bear his own expenses" has been repeated in several of our cases, *Broadhurst* v. *Director of the Div. of Employment Security*, 373 Mass. 720, 721 (1977), quoting from *Fuss* v. *Fuss (No. 1)*, 372 Mass. 64, 70 (1977), and was echoed by the Appeals Court in affirming the order on costs. *Creed* v. *Apog*, 6 Mass. App. Ct. 365, 376-377 (1978).[5] But this generality has many exceptions, and must be tempered by the policies expressed in Mass. R. Civ. P. 54 (d), and G. L. c. 261, §§ 1 and 13. It has never been applied to costs arising from prevailing parties' efforts to dissolve attachments or obtain surety or supersedeas bonds.

Such costs have been awarded to prevailing parties by long practice in the Federal courts. *Newton* v. *Consolidated Gas Co.*, 265 U.S. 78, 86 (1924). *TWA* v. *Hughes*, 515 F.2d 173 (2d Cir. 1975), cert. denied, 424 U.S. 934 (1976). *Kemart Corp.* v. *Printing Arts Research Laboratories*, 232 F.2d 897, 899-900(9th Cir. 1956). See 6 Moore's Federal Practice par. 54.77[8] (2d ed. 1976); 10 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2677 at n.86 (1973). In the *TWA* case, the Court of Appeals awarded the prevailing defendants both the costs of a letter of credit and the costs of required quarterly audits of the defendant company's net worth which were costs "in lieu of providing a supersedeas bond." 515 F.2d at 177. This award was made even though Fed. R. A. P. 39(e) explicitly authorized taxing only "the *premiums* paid for cost of supersedeas bonds or other bonds" (emphasis added). The court stated that it would be arbitrary to distinguish be-

---

[5] This portion only of the Appeals Court decision is here by way of further appellate review.

tween premiums and other reasonable and necessary costs of obtaining security. *TWA* v. *Hughes, supra* at 178.

We agree that there is no valid reason to distinguish between different types of necessary and reasonable costs of bonding. We have suggested before that allowance of the costs connected with such bonds helps preserve the balance between the plaintiffs' rights to secure possible judgments and the defendants' rights to be free of what prove to be unnecessary attachments. *Marcus* v. *Pearce Woolen Mills, Inc.,* 353 Mass. 483, 486 (1968). The letter of credit costs at issue here, as far as the record reveals, were reasonable and necessary costs. Indeed, as the defendants point out, if they had not obtained the bank letter of credit as collateral, the premiums paid on the bond might well have been higher, and the plaintiffs ultimately might have been saddled with even greater costs than they are now.

The judge mistakenly believed and ruled that she had no power to award the costs paid by the defendants for the letter of credit. We hold that she did have such power, and vacate the order as to costs. The case is remanded to the Superior Court, where the judge, in the exercise of her discretion, is to determine whether to allow the defendants' motion to include the sum of $19,500 in the computation of their costs.

*So ordered.*