AGMAX, INC., Appellant–Defendant,

v.

COUNTRYMARK COOPERATIVE, INC. as successor by merger to Indiana Farm Bureau Cooperative Association, Inc., Appellee–Plaintiff.

No. 54A05–9504–CV–152.

Court of Appeals of Indiana.

Feb. 28, 1996.

George T. Patton, Jr., Bose McKinney & Evans, Indianapolis, for Appellant.

Anne N. Deprez, Barnes & Thornburg, Indianapolis, for Appellee.

NAJAM, Judge.

## STATEMENT OF THE CASE

AgMax, Inc. ("AgMax") appeals from the trial court order that assessed, as a cost, the fee for a letter of credit provided by Indiana Farm Bureau Cooperative Association, Inc. ("Farm Bureau") to secure a stay of proceedings pending appeal. Farm Bureau prevailed on appeal and then sought to recover from AgMax the $50,000.00 bank charge it had paid for the letter of credit.[1]

We reverse.

## ISSUE

The sole issue presented is whether the bank fee for a letter of credit given to secure a stay of proceedings pending appeal is chargeable as a cost against the non-prevailing party.

## FACTS

Farm Bureau, an agricultural cooperative of 59 members, including AgMax, sought to merge with Countrymark Cooperative, Inc., an Ohio-based cooperative association. AgMax voted against the merger and asserted dissenters' rights. Farm Bureau filed a declaratory judgment action contending that AgMax had no dissenters' rights. Both Farm Bureau and AgMax moved for summary judgment on that issue. On April 2, 1992, the trial court granted partial summary judgment in favor of AgMax. Under Indiana Trial Rule 54(B), the court found there was no just reason for delay and directed entry of judgment for AgMax.

1. We heard oral argument on January 18, 1996.

2. A supersedeas bond is "[a] bond required of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful." *Black's Law Dictionary* 1438 (6th ed.1990). The common name for a supersedeas bond is an "appeal bond."

3. A letter of credit is defined by Indiana statute as:
   an engagement by a bank or other person made at the request of a customer ... within

AgMax praeciped for a trial date on the valuation of its interests which it claimed to be worth approximately $3.5 million. Farm Bureau valued AgMax's common and preferred stock at $173,325.00 and deposited that amount with the court. The trial court granted Farm Bureau's motion for a stay of valuation proceedings during its appeal. The court conditioned the stay upon Farm Bureau filing a supersedeas bond[2] in the amount of $5 million with a surety acceptable to the court. Over AgMax's objection, the court accepted a letter of credit[3] for that amount in lieu of a conventional bond.

On October 14, 1993, this court reversed the trial court's partial summary judgment. *Indiana Farm Bureau Coop. Ass'n v. AgMax, Inc.*, 622 N.E.2d 206 (Ind.Ct.App.1993). Our supreme court denied transfer and the trial court entered judgment for Farm Bureau on October 18, 1994. As the prevailing party, Farm Bureau filed its statement of costs which included the bank's fee for the letter of credit in the amount of $50,000.00. On January 10, 1995, the trial court entered its order taxing this fee as a cost to AgMax. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

Farm Bureau contends that abuse of discretion is the standard to be applied in our review of whether the fee for the letter of credit should have been awarded as a cost. Specifically, Farm Bureau argues that a declaratory judgment action sounds in equity and that the allowance of costs in an equita-

the scope of IC 26–1–5–102 that the issuer will honor drafts or other demands for payment upon compliance with the conditions specified in the credit. A credit may be either revocable or irrevocable. The engagement may be either an agreement to honor or a statement that the bank or other person is authorized to honor. IND.CODE § 26–1–5–103(a); *see also Xantech Corp. v. Ramco Indus., Inc.*, 643 N.E.2d 918 (Ind.Ct.App.1994); *All Season Indus., Inc. v. Tresfjord Boats*, 563 N.E.2d 174 (Ind.Ct.App. 1990).

ble proceeding lies within the sound discretion of the trial court. To support its argument, Farm Bureau cites *Scott v. Anderson Newspapers, Inc.,* 477 N.E.2d 553 (Ind.Ct.App.1985) (shareholder derivative suit), *trans. denied; Dotlich v. Dotlich,* 475 N.E.2d 331 (Ind.Ct.App.1985) (shareholder derivative action), *trans. denied;* and *Atwood v. Prairie Village, Inc.,* 401 N.E.2d 97 (Ind.Ct.App. 1980) (action for accounting).

We need not consider whether a declaratory judgment action is an equitable proceeding as Farm Bureau contends. Our standard of review on this issue does not turn upon whether the nature of the trial court proceeding was legal or equitable. Further, the cases cited all concern the recovery of expenses incurred at trial, and none concerns whether the premium on a supersedeas bond or its equivalent is recoverable as a cost arising out of an appeal.

▮ Recently we have reiterated that courts possess no inherent power to assess or award costs to a prevailing party. *Linder v. Ticor Title Ins. Co. of Cal.,* 647 N.E.2d 37, 40 (Ind.Ct.App.1995). Although expenses of litigation confront all litigants, generally each party bears his own expenses unless otherwise provided by statute, rule or agreement. *Ira v. Brock,* 615 N.E.2d 447, 450 (Ind.Ct. App.1993). We agree with AgMax that the question presented is whether, as a matter of law, the trial court was authorized to assess the bank fee charged for the letter of credit as a cost.

### Authority to Award Bank Fee

As many practitioners can attest, determining which costs are chargeable against the non-prevailing party can be confusing,

and actual practice apparently varies throughout the state. *See* Lynn Brundage, "The Taxation of Costs in Indiana Courts," 9 *Indiana Law Review* 679 (1976); *see also* Stephen E. Arthur, 11 *Indiana Practice* § 87.01, at 163 (2d ed.1988). We are asked to decide whether, under our present statutes and rules, the bank fee charged for a letter of credit given in lieu of a conventional supersedeas bond [4] is recoverable as a cost.

▮ Costs were unknown at common law and may be awarded by a court only when statutory authority [5] provides. *State v. Holder,* 260 Ind. 336, 338, 295 N.E.2d 799, 800 (1973). In assessing the charge for the letter of credit as a cost, the trial court first relied upon three statutes. These provide:

> In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law.

IND. CODE § 34–1–32–1(a).

> A party from whom judgment is entered in a civil action is entitled to recover costs.

IND. CODE § 33–19–3–3.

> In any proceeding under this chapter [Uniform Declaratory Judgments Act] the court may make such award of costs as may seem equitable and just.

IND. CODE § 34–4–10–10. The court also relied upon Indiana Trial Rule 54(D) which states:

> Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs in accordance with any provision of law. . . .

---

4. Our appellate rules address the trial court's jurisdiction to fix and approve a bond to stay a judgment pending appeal. *See* Ind. Trial Rule 62(D); *see also* Ind. Appellate Rule 6(B). Neither rule prescribes the form or content of an appeal bond. In the trial court, AgMax vehemently objected to the use of the letter of credit to secure a stay of the proceedings during appeal. Whether the trial court improperly approved the letter of credit in lieu of a conventional bond is not an issue raised on appeal.

5. The Trial Rules adopted by our supreme court have the force and effect of law and the same binding force as any statute. *Browning v. Walters,* 620 N.E.2d 28, 31 (Ind.Ct.App.1993); *see also* IND.CODE § 34–5–1–6 (general assembly adopts and incorporates Indiana rules of trial procedure into Indiana Code).

These statutes and the rule address who may recover costs, but they do not specify what costs can be recovered. This court has recognized that:

> "[C]osts" is an accepted legal term of art that has been strictly interpreted to include only filing fees and statutory witness fees. Thus, in the absence of manifest contrary legislative intent, the term "costs" must be given its accepted meaning which does not include litigation expenses.

*Midland–Guardian Co. v. United Consumers Club, Inc.*, 499 N.E.2d 792, 800–01 (Ind. Ct.App.1986) (citations omitted). We find no indication in the statutes and rule relied upon that the term "costs" includes the expense to secure a stay pending appeal.

Both parties correctly point out that, at one time, an Indiana statute specifically authorized recovery of the premium paid for an appeal bond. *See Houston v. First Fed. Sav. & Loan Ass'n*, 144 Ind.App. 604, 248 N.E.2d 169 (1969). The statute provided in relevant part:

> [I]n all actions or proceedings, the party entitled to recover costs may include therein and recover such reasonable sum as may have been paid such [authorized] company by such party for executing or guaranteeing any bond, undertaking or obligation therein.

IND. CODE ANN. § 25–1407; *General Grain, Inc. v. Goodrich*, 142 Ind.App. 142, 145, 233 N.E.2d 187, 188 (1968). Under this statute, we held that the charge for a letter of credit purchased by a successful litigant was not taxable as a cost because it had not been paid to an authorized bonding company as the statute required. *General Grain*, 142 Ind.App. at 146, 233 N.E.2d at 189.

■ The statute considered in *Houston* and in *General Grain* was subsequently codified as Indiana Code § 23–1–16–7 and was repealed by the legislature effective February 29, 1984. *See* 1984 Ind. Acts 131. Farm Bureau argues and the trial court found that "with the repeal the limitations of that statute [IND. CODE § 23–1–16–7] are removed

and the determination of costs is discretionary with the court." We do not agree. A fundamental rule of statutory construction is that the repeal of a law obliterates its effect. *Frost v. State*, 527 N.E.2d 228, 231 (Ind.Ct. App.1988). We conclude that repeal of the statute abolished the authority of a court to award the premium for an appeal bond as a cost and, likewise, eliminated any authority the statute may have provided to award the fee charged for a letter of credit given in lieu of an appeal bond.

■ In the present case, the trial court also found that the charge for the letter of credit was a "mandatory" cost and discerned a "general trend in allowing costs which are categorized as mandatory." *See Atwood*, 401 N.E.2d 97 (fee of court-appointed accountants allowed); *Knaus v. York*, 586 N.E.2d 909 (Ind.Ct.App.1992) (expert witness fees for medical test to determine paternity recoverable). However, we need not decide whether expenses deemed "mandatory" can be assessed as a cost against a non-prevailing party. Both Indiana Trial Rule 62(D) and Indiana Appellate Rule 6(B) provide that, "No appeal bond shall be necessary to perfect an appeal from any judgment or appealable interlocutory order." The letter of credit was not necessary for an appeal but was a condition of the stay pending appeal.

Under our rules of procedure, the valuation process could have proceeded in the trial court while Farm Bureau appealed the partial summary judgment to this court. Instead, Farm Bureau sought the advantage of a stay of the partial summary judgment. The fee incurred to secure the stay was a discretionary expense.

In addition to a traditional supersedeas bond with corporate surety, other options are available to an appellant to secure a stay of proceedings on appeal. These include the deposit of cash with the clerk, which can be placed in an interest-bearing account, or the filing of a written undertaking with real property or other surety approved by the court. Over AgMax's objection, Farm Bureau sought to stay the judgment pending

appeal with the letter of credit option. Thus, we cannot agree that the fee for the letter of credit was mandatory.

■ Finally, we are not persuaded by Farm Bureau's reliance on authority from other jurisdictions which have assessed the premium for an appeal bond and the fee for a letter of credit as a cost. Federal Rule of Appellate Procedure 39(e) specifically allows for recovery of the premium for a supersedeas bond. The rule provides:

> [T]he premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal ... shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule.

Under this authorization, some federal courts have allowed the prevailing party to recover the charge for a letter of credit issued in lieu of a supersedeas bond. *See, e.g. Trans World Airlines, Inc. v. Hughes,* 515 F.2d 173 (2d Cir.1975), *cert. denied,* 424 U.S. 934, 96 S.Ct. 1147, 47 L.Ed.2d 341 (1976). Indiana Appellate Rule 15(H) [6] has no provision comparable to Federal Rule 39(e).

Farm Bureau also relies upon a Massachusetts case, *Creed v. Apog,* 377 Mass. 522, 386 N.E.2d 1273 (1979). In *Creed,* the court considered a surety company bond to dissolve an attachment rather than an appeal bond. *Id.,* 386 N.E.2d at 1274. A statute allowed recovery of the premium of a surety company bond as a cost if an attachment were dissolved and the defendant prevailed. *Id.,* 386 N.E.2d at 1274 n. 3. Another statute allowed costs in civil actions "wholly in the discretion of the court" unless otherwise provided. *Id.,* 386 N.E.2d at 1275. The Massachusetts court found no valid reason to distinguish between different types of necessary and reasonable costs of bonding and awarded

the charge for a letter of credit used as collateral for the bond. *Id.* There is no similar Indiana statute or rule authorizing recovery of the premium for an appeal bond or its equivalent.

We hold that the bank fee charged for a letter of credit given to secure a stay of proceedings pending appeal is not a cost recoverable under our present statutes and rules. The trial court was without authority to assess the fee against AgMax. We remand this case with instructions to modify the order of January 10, 1995, in accordance with this opinion.

Reversed and remanded.

ROBERTSON and DARDEN, JJ., concur.

---

**6.** Indiana Appellate Rule 15(H) reads:
> (1) *Who Recovers.* When the judgment is affirmed in whole, the appellee shall recover costs; and when the judgment is reversed in whole the appellant shall recover costs in the court on appeal and the court below. In all other cases costs shall be awarded as the court may deem right following, as nearly as

possible, the general regulation for awarding costs.
> (2) *What Included.* The fee paid for procuring the transcript, the costs of serving and notice of appeal are a part of the costs of the court on appeal. Each party to the action shall bear the cost of printing his own briefs.